John Burton, State Bar No. 86029
THE LAW OFFICES OF JOHN BURTON
414 South Marengo Avenue
Pasadena, California 91101
jb@johnburtonlaw.com
Telephone: (626) 449-8300
Facsimile: (626) 449-4417

Attorneys for Plaintiffs Evelyn Rosa, Robert Rosa individually and as the personal representatives of Michael Robert Rosa, deceased

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN ROSA and ROBERT ROSA, individually and as the personal representatives of MICHAEL ROBERT ROSA, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SEASIDE and SEASIDE POLICE DEPARTMENT, CITY OF DEL REY OAKS and DEL REY OAKS POLICE DEPARTMENT, MONTEREY PENINSULA AIRPORT DISTRICT and MONTEREY PENINSULA AIRPORT POLICE DEPARTMENT, CITY OF MONTEREY and MONTEREY POLICE DEPARTMENT, COUNTY OF MONTEREY and MONTEREY COUNTY SHERIFF'S DEPARTMENT, DEL REY OAKS POLICE CHIEF RON LANGFORD, MONTEREY POLICE CHIEF CARLO CUDIO, MONTEREY SHERIFF MIKE KANALAKIS AND SEASIDE POLICE CHIEF ANTHONY J. SELLECITO, SEASIDE POLICE OFFICERS MATTHEW DOZA, NICK BORGES, and CHARLTON, DEL REY OAKS POLICE OFFICER RUSSELL VANZANTEN, AIRPORT POLICE DEPARTMENT OFFICER JEFF POWELL, MONTEREY POLICE OFFICER KATIE REYES, MONTEREY COUNTY SHERIFF'S DEPUTIES JOE PALAZZOLO and IRONS, TASER INTERNATIONAL, INC., and DOES 1 to 10,<br><br>Defendants. | Case No. C05-03577<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. 42 U.S.C. § 1983 – WRONGFUL DEATH<br><br>2. 42 U.S.C. § 1983 – SURVIVAL ACTION;<br><br>3. 42 U.S.C. § 1983 – DEPRIVATION OF THE RIGHTS OF PLAINTIFFS' TO FAMILIAL RELATIONSHIPS WITH THE DECEDENT<br><br>4. CAL. CIV. CODE § 52.1;<br><br>5. ASSAULT and BATTERY;<br><br>6. POLICE NEGLIGENCE<br><br>7. PRODUCTS LIABILITY – NEGLIGENCE<br><br>8. PRODUCTS LIABILITY – STRICT LIABILITY<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND WRONGFUL DEATH

1

## JURISDICTION

1. Jurisdiction against the governmental defendants (that is all defendants other than Taser International, Inc.) is conferred upon this Court by 28 U.S.C. § 1331(federal question) and 1343(3) (civil rights). The state law claims for relief are within the supplemental jurisdiction of the Court, pursuant 28 U.S.C. § 1367.

2. The claims against Taser International, Inc., are both within the supplemental jurisdiction of the Court and because of diversity of citizenship, pursuant to 28 U.S.C. § 1332.

## VENUE

3. Plaintiffs' claims herein arises out of an incident involving various police officers and deputy sheriffs, in the County of Monterey, State of California, and within this judicial district.

## PARTIES

4. Plaintiffs Evelyn Rosa and Robert Rosa are competent adults who appear both individually and as the personal representatives of Michael Robert Rosa, deceased, pursuant to Cal. Civ. Proc. Code § § 337.32. They are the parents of the decedent.

5. Defendant City of Seaside is a government entity operating pursuant to the laws of California. Defendant Seaside Police Department is a public agency subject to suit.

6. Defendant City of Del Rey Oaks is a government entity operating pursuant to the laws of California. Defendant Del Rey Oaks Police Department is a public agency subject to suit.

7. Defendant Monterey Peninsula Airport District is a government entity operating pursuant to the laws of California. Defendant Airport Police Department is a public agency subject to suit.

8. Defendant City of Monterey is a government entity operating pursuant to

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND WRONGFUL DEATH

the laws of California. Defendant Monterey Police Department is a public agency subject to suit.

9. Defendant County of Monterey is a government entity operating pursuant to the laws of California. Defendant Monterey Sheriff's Department is a public agency subject to suit.

10. Defendant Ron Langford is the Del Rey Oaks Chief of Police, defendant Carlo Cudio is the Monterey Chief of Police, defendant Mike Kanalakis is the Monterey County Sheriff and defendant Anthony J. Sellecito is the Seaside Chief of Police. Each is the decision maker for one of the defendant public agencies.

11. Defendants Matthew Doza, Nick Borges, and Charlton are Seaside police officers, defendant Russell VanZanten is a Del Rey Oaks police officer, defendant Jeff Powell is a Monterey Peninsula Airport police officer, defendant Katie Reyes is a Monterey Police officer, and defendants Joe Palazzolo and Irons are Monterey County Sheriff's deputies. In doing the acts herein alleged, they acted within the scope of their agency and employment, and under color of state law.

12. Defendant Taser International, Inc., is a Delaware Corporation with its principal place of business in the State of Arizona. As alleged herein, Taser International defectively manufactured and marketed the unreasonably dangerous "Advanced Taser" with which individual defendants repeatedly shocked the decedent, proximately causing his death, as alleged herein.

13. Plaintiffs sue defendants Does 1 to 10 by their fictitious names and will amend this complaint to allege their true identities when ascertained.

**FACTS**

**A.   General Allegations on Policy and Practice**

14. Plaintiffs are informed and believe, and on the basis of such information and belief allege, that the governmental entity defendants and their decision makers, with deliberate indifference, gross negligence, and reckless disregard to the safety,

1  security, and constitutional and statutory rights of the decedent, plaintiffs, and all
2  persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in,
3  and applied policies, practices, or customs and usages of, among other things,

4  a. Subjecting people to unreasonable uses of force against their persons.

5  b. Selecting, retaining, and assigning employees with demonstrable
6  propensities for excessive force, violence, and other misconduct;

7  c. Failing to adequately train, supervise, and control employees in the
8  dangers of repeated taser shocks and positional asphyxia, including, without
9  limitation, the use of potentially lethal tactics, including multiple taser shocks
10 followed by chest compressions, for the taking into custody of persons such as
11 plaintiffs' decedent, who are perhaps intoxicated, but not otherwise engaged in
12 criminal activity, and who may have pre-existing medical conditions which
13 make such tactics unreasonably dangerous.

14  d. Failing to adequately discipline officers involved in misconduct; and

15  e. Condoning and encouraging officers in the belief that they can violate the
16 rights of persons such as the decedent in this action with impunity, and that such
17 conduct will not adversely affect their opportunities for promotion and other
18 employment benefits.

19 15. Plaintiffs are informed and believe, and on the basis of such information
20 and belief allege, that the entity defendants and their decision makers ordered,
21 authorized, acquiesced in, tolerated, permitted or maintained custom and usages
22 permitting the other defendants herein to engage in the unlawful and unconstitutional
23 actions, policies, practices, and customs or usages set forth in the foregoing paragraph.
24 Defendants' conduct as alleged herein constitutes a pattern of constitutional violations
25 based either on a deliberate plan by defendants or on defendants' deliberate
26 indifference, gross negligence, or reckless disregard to the safety, security, and rights
27 of plaintiffs and their decedent.
28

---

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND WRONGFUL DEATH

10716083.tif - 9/6/2005 1:26:27 PM

### B. Allegations Regarding the Death of Michael Rosa.

16. During the evening hours of August 29, 2004, the decedent, Michael Rosa, was at plaintiff's home. He began acting erratically, perhaps because of the effects of methamphetamine. A neighbor reported his bizarre (but not criminal) actions. Various police officers from the defendant agencies responded to the scene. The officers knew that the decedent was in emotional and physical distress, and had no reason to believe he was engaged in any criminal conduct more serious than the personal use of illegal substances or that he was armed and posed any danger to them. After pursing Mr. Rosa through the neighborhood, defendant officers caught up with him on a small hillside behind a home and near a public street. At that time no officer or member of the public was endangered in any significant way by Mr. Rosa's irrational actions. At least two officers shocked the decedent repeatedly with their Taser weapons repeatedly. Thereafter, they compressed his chest on the ground with sufficient force to cause bruising. The net effect of the Taser shocks and police restraint procedures was to kill the decedent.

17. Throughout this incident, decedent presented with a medical problem, not a law enforcement problem. Defendants acted in deliberate indifference to his medical needs, as alleged below.

### C. Allegations Regarding Damages.

18. Plaintiffs have lost support, decedent's love, comfort and society, and have sustained emotional distress, all in amounts in accordance with proof. Plaintiffs have incurred burial and other related expenses. The decedent sustained general damages, including the loss of enjoyment of his life, in an amount in accordance with proof.

19. The conduct of the individual defendants was willful, malicious, oppressive and in reckless disregard for the constitutional rights of plaintiffs and the decedent himself, thus justifying punitive damages against the defendants (except the immune entity defendants) in an amount in accordance with proof.

---

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND WRONGFUL DEATH

### D. Allegations Regarding Exhaustion of Administrative Remedies

20. Plaintiffs timely filed administrative claims with each of the entity defendants pursuant to Cal. Gov't Code § 910. Each claim has been denied.

## FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1983 – WRONGFUL DEATH)
### (All defendants except Taser International, Inc.)

21. Defendants, acting under color of state law, deprived the decedent of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those secured by the Fourth and Fourteenth Amendments to the Constitution, by, among other things, subjecting the decedent to excessive force; and acting with deliberate indifference to the decedent's medical needs.

22. The foregoing wrongful acts of defendants killed the decedent.

23. Plaintiffs are proper parties with standing pursuant to Cal. Civ. Proc. Code § 377.60 (incorporated herein by virtue of 42 U.S.C. § 1988), to pursue their remedies for wrongful death, including pecuniary loss and other compensable injuries resulting from loss of society, comfort, attention, services, and support of the decedent.

24. As a further proximate result of the acts of defendants, as alleged above, plaintiffs have incurred expenses, including funeral and burial expenses, in an amount in accordance with proof.

25. In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of plaintiffs. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual defendant (but not the entity defendants, which are immune from such damages) in an amount adequate to punish the wrongdoers and deter future misconduct.

---

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND WRONGFUL DEATH

## SECOND CLAIM FOR RELIEF

(42 U.S.C. § 1983 – SURVIVAL ACTION)

(All defendants except Taser International, Inc.)

26. Plaintiffs bring this claim for relief in their capacity as the successors in interest and personal representative of the decedent, for whom there is no estate opened.

27. The foregoing claim for relief arose in the decedent's favor, and the decedent would have been the plaintiff with respect to this claim for relief had he lived.

28. Defendants, acting under color of state law, deprived the decedent of rights, privileges, and immunities secured by the Constitution and laws of the United States, including those secured by the Fourth and Fourteenth Amendments to the Constitution, by, among other things, subjecting the decedent to excessive force; and acting with deliberate indifference to the decedent's medical needs.

29. The foregoing wrongful acts of defendants killed the decedent.

30. As a proximate result of the foregoing wrongful acts of defendants, and each of them, the decedent sustained general damages, including pain and suffering, and a loss of the enjoyment of life and other hedonic damages, in an amount in accordance with proof.

31. In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of plaintiffs. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual defendant (but not the entity defendants, which are immune from such damages) in an amount adequate to punish the wrongdoers and deter future misconduct.

---

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND WRONGFUL DEATH

7

## THIRD CLAIM FOR RELIEF

(42 U.S.C. § 1983 – DEPRIVATION OF THE RIGHTS OF PLAINTIFFS TO FAMILIAL RELATIONSHIPS WITH THE DECEDENT)

(All defendants except Taser International, Inc.)

32. Defendants, acting under color of state law, deprived plaintiffs of their rights to familial relationships in violation of the Fourth Amendment and without due process of law in violation of the Fourteenth Amendment by use of unreasonable, unjustified force and violence, causing injuries which resulted in the decedent's death, all without provocation, and all in violation of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

33. As a proximate result of the foregoing wrongful acts of defendants, and each of them, plaintiffs sustained general damages, including grief, emotional distress and pain and suffering and loss of comfort and society, and special damages, including loss of support, in an amount in accordance with proof.

34. In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of plaintiffs. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual defendant (but not the entity defendants, which are immune from such damages) in an amount adequate to punish the wrongdoers and deter future misconduct.

## FOURTH CLAIM FOR RELIEF

(Cal. Civ. Code § 52.1)

(All defendants except Taser International, Inc.)

35. The United States Constitution, Amendment IV, and the Cal. Const. Art. I § 13 guarantees the right of persons to be free from excessive force. Both constitutions guarantee the right to appropriate medical attention for people in police custody. Defendants, by engaging in the wrongful conduct alleged herein, denied these

right to the decedent and plaintiffs, thus giving rise to claims for damages pursuant to Cal. Civ. Code § 52.1.

36. As a direct and proximate cause of the aforementioned acts of defendants, decedent and plaintiffs were injured as set forth above, and are entitled to statutory damages under Cal. Civ. Code § 52, as well as compensatory and punitive damages according to proof.

37. In doing the foregoing wrongful acts, defendants, and each of them, acted in reckless and callous disregard for the constitutional rights of plaintiffs. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual defendant (but not the entity defendants, which are immune from such damages) in an amount adequate to punish the wrongdoers and deter future misconduct.

### FIFTH CLAIM FOR RELIEF
(Assault and Battery)

(All defendants except Taser International, Inc.)

38. Defendants assaulted and battered the decedent, causing his death.

39. As a direct and proximate cause of the aforementioned acts of defendants, decedent, plaintiffs were injured as set forth above, and are entitled to compensatory and punitive damages according to proof.

### SIXTH CLAIM FOR RELIEF
(POLICE NEGLIGENCE)

(All defendants except Taser International, Inc.)

40. By virtue of the foregoing, defendants owed decedent and plaintiffs a duty of due care, and that duty was breached in that defendants' negligence and failure to exercise due care in dealing with the decedent proximately caused his death.

41. As a direct and proximate cause of the aforementioned acts of defendants, decedent and plaintiffs were injured as set forth above, and are entitled to

---

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND WRONGFUL DEATH

compensatory damages according to proof.

## SEVENTH CAUSE OF ACTION
### (PRODUCTS LIABILITY – NEGLIGENCE)
(Against Defendant Taser International, Inc., and Does)

42. At all times herein mentioned, defendant Taser International, Inc., and Does were engaged in the business and profession of designing, manufacturing, selling, distributing, installing, fabricating, assembling, buying, inspecting, testing, servicing repairing, marketing, warranting and advertising Taser electronic shock weapons which these defendants knew or, in the exercise of reasonable care should have known, would be used without inspection for defects or dangers in their parts, mechanisms or design. Defendants' product is unreasonably dangerous and defective for use on human beings because, among other reasons, it was sold without warnings as to the effect of multiple shocks, the danger of shocking people who are under the influence of drugs, and the effects of Taser shocks on respirations such that the weapon, when used in combination with chest compression techniques cause unnecessary deaths.

43. Defendant Taser International, Inc., and Does sold Taser ordnance to local law enforcement agencies such as defendants without adequate warning of or training in its potential for causing death and great bodily injury.

44. At all times herein mentioned, defendant Taser International, Inc., and Does negligently and carelessly designed, manufactured, sold, distributed, installed, fabricated, assembled, bought, inspected, altered, maintained, serviced, tested, repaired, marketed, warranted, and advertised their unreasonably dangerous and defective Taser ordnance, in that it was capable of causing, and in fact did cause, personal injuries to persons while being used in a manner reasonably foreseeable, thereby rendering the product unsafe and dangerous for use in its intended manner.

45. As alleged above, defendants shocked decedent Michael Rosa repeatedly while he was in an irrational and delirious state. As a direct and proximate result of the

09/06/2005 13:18 FAX 6264494417
Case5:05-cv-03577-JF   Document1   Filed09/06/05   Page11 of 14
☑012/028

aforementioned conduct of defendant Taser International, Inc., and Does, alone and in combination with the wrongful conduct of the other defendants as alleged above, plaintiffs were injured and sustained damages as alleged herein, including the killing of decedent Michael Rosa.

46. Plaintiffs are informed and believe and thereon allege that defendants Taser International, Inc., and Does acted in a despicable, malicious and oppressive manner, in conscious disregard of the rights of Michael Rosa and other people whom they knew, or reasonably should have known, were likely to be shocked with Taser ordnance by law enforcement officers not adequately warned or trained about the extreme and unreasonable danger of this product, and that the weapons posed an unreasonable risk of serious bodily injury or death to people such as Mr. Rosa.

47. Based on these facts, defendants Taser International, Inc., and Does knew that the Taser ordnance could not be used safely for the purposes for which it was intended, and that this weapon was defective and dangerous, but despite that knowledge, in conscious disregard of the safety of the public, defendants Taser International, Inc., and Does placed this product on the market without warning customers or the unknowing public of the defects and dangers, and knew when it did so that this weapon would be sold to and used by law enforcement agencies without adequate knowledge of its defects and dangers, and expressly and impliedly represented that it was safe for the purpose for which it was intended. In doing the things aforementioned, defendants Taser International, Inc., and Does were guilty of malice and oppression and despicable conduct, and plaintiffs are therefore entitled to recover exemplary and punitive damages in an amount to be determined at trial.

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND WRONGFUL DEATH

11

10716083.tif - 9/6/2005 1:26:27 PM

## EIGHTH CAUSE OF ACTION

## (PRODUCTS LIABILITY – STRICT LIABILITY)

(Against Defendants Taser International, Inc., and Does)

48. Defendants Taser International, Inc., and Does designed, manufactured, sold, distributed, installed, fabricated, assembled, bought, inspected, tested, serviced,, marketed, warranted, and advertised the subject Taser ordnance which contained design and/or manufacturing defects, which were capable of causing, and in fact did cause, personal injuries to people while being used in the manner reasonably foreseeable, thereby rendering same unsafe and dangerous for its intended use.

49. As a direct and proximate result of the above-described defects in the subject product, as aforementioned, and the conduct of defendants Taser International, Inc., and Does as alleged above, in combination with the wrongful conduct of the other defendants, plaintiffs and their decedent sustained serious personal injuries and other injuries as alleged herein.

50. With respect to the subject ordnance, defendants Taser International, Inc., and Does were the designers, assemblers, manufacturers, sellers, distributors, installers, fabricators, buyers, inspectors, testers, servicers, repairers, marketers, maintainers, warrantors, and/or advertisers thereof, or were otherwise involved in the stream of commerce to the extent that the laws of the State of California impose strict liability in tort for injuries caused by defects therein.

51. Plaintiffs are informed and believe and thereon allege that defendants Taser International, Inc., and Does knew that the Taser weapon's design, manufacture, assembly, marketing and distribution by them was defective and dangerous; that each of the defendants knew that because of the defects, the weapon could not be used safely for the purpose for which it was intended; that defendants, and each of them, knowing that its weapon was defective and dangerous, in conscious disregard of the safety of the public placed this product on the market without warning customers or the unknowing

---

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND WRONGFUL DEATH

12

public of the defects and dangers and knew when it did so that this weapon would be sold and used without knowledge of the defects and dangers; and that defendants and each of them, by placing the defective and dangerous weapon on the market, expressly and impliedly represented that it was safe for the purpose for which it was intended. The other defendants herein, in purchasing and using the defective weapon as herein alleged, did rely on each of the defendants' representations. In doing the things aforementioned, defendant Taser International, Inc., and Does and each of them, were guilty of malice, oppression and fraud, and plaintiffs are therefore entitled to recover exemplary and punitive damages in an amount to be determined at trial.

**PRAYER**

WHEREFORE, plaintiffs pray for judgment as follows:

<u>On All Causes of Action</u>

(a) Compensatory general and special damages in accordance with proof;

(b) Costs of suit necessarily incurred herein; and

(c) Such further relief as the Court deems just or proper.

<u>On the First, Second, Third, and Fourth Causes of Action</u>

(d) Reasonable attorney's fees and expenses of litigation;

<u>On the Fourth Cause of Action</u>

(e) Statutory damages;

<u>On the First, Second, Third, Fourth, Fifth, Seventh and Eighth Causes of Action</u>

(f) Exemplary damages against the defendants (except the immune entity defendants) in an amount sufficient to make an example of those defendants and to deter future misconduct.

Dated: September 2, 2005                      THE LAW OFFICES OF JOHN BURTON

By_____
John Burton
Attorneys for Plaintiffs

---

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND WRONGFUL DEATH

13

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury pursuant to Fed. R. Civ. P. 38(b).

Dated: September 2, 2005

THE LAW OFFICES OF JOHN BURTON

By_____
      John Burton
      Attorneys for Plaintiffs

---

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS AND WRONGFUL DEATH