UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EVELYN ROSA, et al., <br><br>       Plaintiffs, <br><br>    v. <br><br> CITY OF SEASIDE, et al., <br><br>       Defendants. | Case No.: C 05-3577 PVT <br><br> **ORDER RE APPLICATION OF DAVID ROSA FOR APPOINTMENT AS GUARDIAN AD LITEM; AND SETTING DEADLINE FOR PLAINTIFFS TO FILE DECLARATION REGARDING PERSONAL REPRESENTATIVE OF MICHAEL ROBERT ROSA** |

On October 17, 2005, Plaintiffs filed an Application of David Rosa for Appointment as Guardian Ad Litem.[1] This court issued an interim order requesting supplemental briefing. Plaintiffs have now submitted the requested supplemental briefing. Based on the brief and declarations submitted, and the file herein,

IT IS HEREBY ORDERED that David Rosa's application for appointment as guardian ad litem is DENIED. No later than December 15, 2005, Plaintiffs shall file and serve an amended complaint substituting Tamatha Hike, H.R.'s mother, as the guardian for H.R.

Federal Rules of Civil Procedure 17(c) provides that:

> "Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary,

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

> the representative may sue or defend on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person *not otherwise represented* in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person." (Emphasis added).

Generally, appointment of someone other than a minor's general representative (usually a parent) as guardian ad litem is only appropriate where the general representative has been shown either to be inadequate or to have a conflict of interest with the minor. *See T.W. and M.W. by Enk v. Brophy, et al.*, 124 F.3d 893, 895-96 (7th Cir. 1997). In the instant case, there has been no showing that H.R.'s mother is inadequate or has any conflict of interest. On the contrary, counsel for Plaintiffs represents that it would be relatively simple to substitute H.R.'s mother for her uncle in the complaint. Further, it appears that David Rosa's interest in being appointed as guardian ad litem is primarily motivated by his own feelings about his brother's death. While the court does not question Mr. Rosa's good faith, under all the circumstances the court is not inclined to appoint H.R.'s uncle to act on H.R.'s behalf in lieu of her mother.

IT IS FURTHER ORDERED that the amended complaint shall name the appropriate person as the personal representative of Michael Robert Rosa. Along with the amended complaint, Plaintiffs shall file a declaration setting forth facts showing that the person so named is the proper personal representative under California law. From the declaration filed by Plaintiffs' counsel, it appears that Evelyn and Robert Rosa are not the proper personal representatives because their son did not die "without issue" as previously attested.

Dated: *11/23/05*

PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 2*