LEE A. WOOD & ASSOCIATES, P.C.
Lee A. Wood (SBN 58676)
Thomas E. Francis-Of Counsel (SBN 131916)
695 Town Center Drive, Suite 700
Costa Mesa, California 92626
Telephone: (714) 384-6570
Facsimile: (714) 384-6571

Attorneys for Defendants,
CITY OF SEASIDE (*also erroneously served as SEASIDE POLICE DEPARTMENT*), MATTHEW DOZA, NICK BORGES, DAN CHARLTON, and ANTHONY J. SOLLECITO (*erroneously sued as Anthony SELLECITO*)

EXEMPT FROM FEES
PURSUANT TO
GOV'T CODE §6103

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELYN ROSA and ROBERT ROSA, individually and as the personal representatives of MICHAEL ROBERT ROSA, deceased, and DAVID ROSA, as Guardian ad Litem for H.R., a minor,<br><br>Plaintiffs,<br>v.<br><br>CITY OF SEASIDE and SEASIDE POLICE DEPARTMENT, CITY OF DEL REY OAKS and DEL REY OAKS POLICE DEPARTMENT, MONTEREY PENINSULA AIRPORT DISTRICT and MONTEREY PENINSULA AIRPORT POLICE DEPARTMENT, CITY OF MONTEREY and MONTEREY POLICE DEPARTMENT, COUNTY OF MONTEREY and MONTEREY COUNTY SHERIFF'S DEPARTMENT, DEL REY OAKS POLICE CHIEF RON LANGFORD, MONTEREY POLICE CHIEF CARLO CUDIO, MONTEREY SHERIFF MIKE KANALAKIS AND SEASIDE POLICE CHIEF ANTHONY J. SELLECITO, SEASIDE POLICE OFFICERS MATTHEW DOZA, NICK BORGES, and CHARLTON, DEL REY OAKS POLICE OFFICER RUSSELL VANZANTEN, AIRPORT POLICE DEPARTMENT OFFICER JEFF POWELL, MONTEREY POLICE OFFICER KATIE REYES, MONTEREY COUNTY SHERIFF'S DEPUTIES JOE PALAZZOLO and IRONS, TASER INTERNATIONAL, INC., and DOES 1 to 10,<br>Defendants. | Case No.: C 05-03577 PVT<br><br>**ANSWER TO FIRST AMENDED COMPLAINT**<br><br>[JURY TRIAL DEMANDED]<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Date Action Filed:   October 17, 2005 |

LEE A. WOOD &
ASSOCIATES, P.C.
695 Town Center Dr, Suite 700
Costa Mesa, CA 92626
(714) 384-6570

1
ANSWER TO FIRST AMENDED COMPLAINT

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

Defendants, CITY OF SEASIDE, (also erroneously served as SEASIDE POLICE DEPARTMENT), SEASIDE POLICE OFFICERS MATTHEW DOZA, NICK BORGES, DAN CHARLTON and ANTHONY J. SOLLECITO hereby answer the First Amended Complaint as follows:

1. As to paragraphs 1 though 3, these are jurisdictional and venue allegations. Defendants admit these allegations based upon the allegations of the First Amended complaint.

2. Defendants have insufficient information to admit or deny the allegations of paragraph 4 as to whether Plaintiffs Evelyn Rosa and Robert Rosa have standing to assert claims against the Defendants.

3. Defendants have insufficient information to admit or deny the allegations of paragraph 5 of the First Amended Complaint as alleged.

4. Defendants generally admit that the City of Seaside is a governmental agency as alleged in paragraph 6. Defendants deny that the City of Seaside Police Department is a separate governmental agency as set forth in Government Code §811.2.

5. Defendants generally admit the allegations of paragraphs 7 through 10 with respect to each entity operating pursuant to the laws of the State of California. Defendants have insufficient information to admit or deny whether each police department is a separate entity for purposes of suit under Government Code §811.2.

6. Defendants admit that Anthony J. Sollecito is the Seaside Chief of Police as alleged in paragraph 11. The paragraph is vague and ambiguous and does not identify an alleged policy, custom or practice. While in certain issues, the Chief is the "decision maker" for the Defendant City of Seaside, the City Council, City Manager and others may also be the "decision maker" for the City of Seaside and the Seaside Police Department.

7. Defendants admit that Matthew Doza, Nick Borges and Dan Charlton are Seaside police officers as alleged in paragraph 12. Defendants generally believe that the other officers are employed by the agencies identified in paragraph 12. Defendants

LEE A. WOOD &
ASSOCIATES, P.C.
695 Town Center Dr, Suite 700
Costa Mesa, CA 92626
(714) 384-6570

2
ANSWER TO FIRST AMENDED COMPLAINT

generally believe that the officers were acting within the scope of their employment at the time of the incident alleged in the complaint

8. Defendants have insufficient personal information to admit or deny the allegations of paragraph 13. Defendants generally believe that Taser International is a Delaware corporation with its principal place of business located in Arizona. Defendants deny that the devices are unreasonably dangerous as described in paragraph 13.

9. Paragraph 14 relates to DOE defendants.

10. Defendants deny the allegations contained in paragraphs 15-16 of the First Amended complaint.

11. Defendants contend that the Plaintiffs have mischaracterized the events underlying this lawsuit in paragraph 17 of the First Amended Complaint. The Seaside Defendant officers responded shortly after 11:00 p.m. on August 29, 2004 to a Code-3 back-up request made by the Del Rey Oaks Police Department on Carlton Drive in Del Rey Oaks. The Seaside officers were advised that they were dealing with an irrational male who was possibly a candidate for a Welfare & Institutions Code §5150 (72 hour) assessment. Various officers had spoken to Rosa telling him to calm down as the officers just wanted to talk to him. Rosa ignored the officers and continued to evade. Plaintiffs' decedent Rosa first broke through a section of corrugated fiberglass paneling and went into the backyard of the residence located at 4 Carlton Drive. Rosa continued over a three-foot fence near the rear yard of 4 Carlton Drive. He proceeded down an approximately forty-foot steep embankment into a lower yard. Three officers, including defendant Officer Doza continued to pursue Rosa all the while ordering him to stop. Officer Doza announced "taser, taser". Before Doza could deploy the taser, Rosa broke through a solid wooden fence which was approximately five and one half feet in height by pulling the fence boards from the fence posts. Rosa entered the backyard of 2 Carlton Drive where he broke the lattice portion of a fence on the opposite side of the yard and in doing so, grabbed a 2"x4" board and held the board in a batter's stance. Officer Doza had attended a drug recognition class. It appeared to Officer Doza and the other two officers that Rosa was under the influence of PCP or some similar

LEE A. WOOD &
ASSOCIATES, P.C.
695 Town Center Dr, Suite 700
Costa Mesa, CA 92626
(714) 384-6570

3

ANSWER TO FIRST AMENDED COMPLAINT

1  drug. Officer Doza was approximately ten feet from Rosa on a relatively flat portion of
2  terrain immediately adjacent to the fence line when he fired one round into plaintiffs'
3  decedent. Michael Rosa fell backwards down the hill toward Highway 218 which caused the
4  taser darts to dislodge. Officer Doza rearmed his taser and ran down the hill after Rosa. At
5  the bottom of the embankment, Officer Doza ordered Rosa to put out his hands. Rosa who
6  was on the ground face down grabbed the 2"x 4" board and attempted to get up. Officer
7  Borges arrived also armed with a taser. Officer Doza fired his taser into Rosa but announced
8  that it did not appear to be effective. He asked Officer Borges to fire his taser. By this time,
9  several officers from allied agencies had arrived and began assisting with the violently
10 struggling Rosa to get him into custody. Immediately after Rosa was subdued and
11 handcuffed, he appeared to have difficulty breathing at which time Monterey County Sheriff
12 Deputy Irons, who is also a trained EMT, began CPR. Rosa was taken to the hospital via
13 ambulance where he passed away. According to the report of forensic pathologist Dr. John
14 Hain, MD, Mr. Rosa had a high blood level of d-methamphetamine (1.73 mg/L) and low
15 level of d-amphetamine.

16      12.    Defendants deny the allegations of paragraph 18 of the First Amended
17 Complaint.

18      13.    Defendants have insufficient personal knowledge to admit or deny the
19 allegations of paragraph 19 of the First Amended Complaint.

20      14.    Defendants deny the allegations of paragraph 20.

21      15.    Defendants admit that a governmental tort claim was submitted to the City of
22 Seaside as alleged in paragraph 21 but do not waive any deficiencies in the tort claim which
23 may be applicable. Plaintiffs may not assert theories of recovery or factual circumstances in
24 their complaint that were not included in their administrative claim. *Nelson v. State*, 139 Cal.
25 App. 3d 72, 188 Cal. Rptr. 479, 483-84 (Cal. Ct. App. 1982).

26              **FIRST CLAIM FOR RELIEF**
27           42 U.S.C. §1983 – WRONGFUL DEATH
28      16.    Defendants deny the allegations of paragraph 22. All claims of excessive

LEE A. WOOD &
ASSOCIATES, P.C.
695 Town Center Dr, Suite 700
Costa Mesa, CA 92626
(714) 384-6570

force are analyzed under the framework outlined by the Supreme Court in *Graham v. Connor*, 490 U.S. 386, 104 L. Ed. 2d 443, 109 S. Ct. 1865 (1989) and the Fourth Amendment not the Fourteenth Amendment as alleged. Neither Robert Rosa, Evelyn Rosa, nor decedent Rosa's child can maintain a personal §1983 cause of action for violation of their own Fourth Amendment rights, because they do not allege that they were directly subjected to excessive force. "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." " *Rakas v. Illinois* (1978) 439 U.S. 128, 133-34, 58 L. Ed. 2d 387, 99 S. Ct. 42(1978); *Smith v. City of Fontana* 818 F.2d 1411, 1417 (9th Cir. 1987) (children have no cognizable claim for use of excessive force after father was wrongfully beaten and shot by police).

17. The Defendants deny that the multiple deployment of the taser killed Plaintiffs' decedent as alleged in paragraph 23. Instead, decedent Rosa had injected a toxic level of d-methamphetamine (1.73 mg/L) and low level of d-amphetamine.

18. Defendants deny that the Plaintiffs are proper parties with standing as alleged in paragraph 24 of the First Amended Complaint. The Plaintiffs cannot utilize state law to expand 42 U.S.C. §1983. Section 1983 may not be used to redress state law violations, no such cause of action can be stated. *Picray v. Sealock*, 138 F.3d 767, 770 (9th Cir. 1998); *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir. 1981), cert. denied, 454 U.S. 857, 102 S. Ct. 309, 70 L. Ed. 2d 153 (1981).

19. Defendants have insufficient information to admit or deny the allegations of paragraph 25 of the First Amended Complaint.

20. Defendants deny the allegations of paragraph 26 and submit that this claim has not been maintained in good faith or with reasonable cause as to the Defendants which justifies the imposition of monetary sanctions under F.R.C.P 11 against counsel and the imposition of attorneys' fees and costs under 42 U.S.C. section 1988.

///

///

///

LEE A. WOOD &
ASSOCIATES, P.C.,
695 Town Center Dr, Suite 700
Costa Mesa, CA 92626
(714) 384-6570

5

ANSWER TO FIRST AMENDED COMPLAINT