1  F.2d 743, 746 (9th Cir. 1986). Plaintiffs have failed to allege facts as to any of the individual
2  defendants.

### ELEVENTH AFFIRMATIVE DEFENSE
#### (Commission of a Crime)

5  42.    The acts of the officers were justified on the ground that they were conducted
6  in a good faith belief and with probable cause that the Plaintiffs' decedent was in the
7  commission of a public offense and/or was in the process of committing a crime.  Penal
8  Code §§ 835a and 847.

### ELEVENTH AFFIRMATIVE DEFENSE
#### (Honest Belief)

11  43.    Defendants were justified on the ground that they were based on an honest
12  misunderstanding of law and fact.   Negligent conduct is not sufficient to support a
13  constitutional violation pursuant to 42 U.S.C. § 1983.  Daniels v. Williams, 474 U.S. 327,
14  332, 106 S. Ct. 662 (1986).

### TWELVTH AFFIRMATIVE DEFENSE
#### (Qualified Immunity)

17  44.    Government officials performing discretionary functions are entitled to
18  qualified immunity unless, in taking the challenged action, they violated "the clearly
19  established" constitutional rights of which a reasonable person would have known. An
20  officer might correctly perceive all of the relevant facts but have a mistaken belief about
21  whether such facts rise to the level of exigency justifying a warrantless arrest or certain level
22  of force which could be debated in the confines of the courthouse. If the officer's
23  construction of the law is reasonable, however, the officer is entitled to the immunity
24  defense.

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (Probable Cause)

27  45.    The acts of the individual defendant officers were justified on the ground that
28  they were done in a good faith belief and with probable cause that the Plaintiffs' decedent

LEE A. WOOD &
ASSOCIATES, P.C..
695 Town Center Dr, Suite 700
Costa Mesa, CA  92626
(714) 384-6570

11
ANSWER TO FIRST AMENDED COMPLAINT

1  was in the commission of a public offense and/or was interfering with reasonable practices

2  and duties.  Probable cause to make an arrest exists if the facts and circumstances are such

3  that a reasonable person would believe that the suspect has committed, is committing or is

4  about to commit a crime.  Law enforcement officers may make a warrantless arrest where

5  there are "reasonable grounds to believe" that a crime has been committed and the person

6  arrested has committed the offense.  There is probable cause to make an arrest if the facts and

7  circumstances are such that a reasonable person would believe that the suspect has committed,

8  is committing or is about to commit a crime.

9  ### FOURTEENTH AFFIRMATIVE DEFENSE

10  ### (Lawful Detention)

11       46.    Defendants exercised reasonable force to effect a lawful detention and/or

12  arrest, and Plaintiffs' decedent voluntarily and without excuse resisted said detention and/or

13  arrest and/or interfered with it.  Defendants are not therefore liable to the Plaintiffs pursuant

14  to Penal Code §§ 835(a), 836 and 836.5(a)(b).

15  ### FIFTEENTH AFFIRMATIVE DEFENSE

16  ### (Privileged Use of Force)

17       47.    That Plaintiffs are barred from recovery herein by reason of Plaintiffs'

18  decedent's violation of Penal Code § 835 in that Plaintiffs' decedent was interfering with a

19  lawful detention, investigation and/or arrest.  The use of force by Defendants is privileged

20  because it was reasonably necessary for the lawful defense of the Defendants/officers and

21  third parties.

22  ### SIXTEENTH AFFIRMATIVE DEFENSE

23  ### (Monell Claim)

24       48.    The alleged unconstitutional discretionary actions of municipal employees

25  generally are not chargeable to the municipality under Section 1983.  In addition, "'the

26  Plaintiff must . . . demonstrate that, through its *deliberate* conduct, the municipality was the

27  'moving force' behind the injury alleged.  That is, a plaintiff must show that the municipal

28  action was taken with the requisite degree of culpability and must demonstrate a direct

LEE A. WOOD &
ASSOCIATES, P.C..
695 Town Center Dr, Suite 700
Costa Mesa, CA  92626
(714) 384-6570

12

ANSWER TO FIRST AMENDED COMPLAINT

1  causal link between the municipal action and the deprivation of federal rights.'. The court is

2  required to find "A policy so deficient that the policy itself is a repudiation of constitutional

3  rights and is the moving force of the constitutional violation." A local governmental unit is

4  liable only if the alleged deprivation of rights 'implements or executes a policy statement,

5  ordinance, regulation, or decision officially adopted and promulgated by that body's

6  officers,' or when the injury is in 'execution of a [local] government's policy or custom,

7  whether made by its lawmakers or by those whose edicts or acts may fairly be said to

8  represent official policy.' [Citation.]" Finally, a public entity may only be held liable if a

9  plaintiff can demonstrate that his rights were violated as the result of an official city policy

10  or custom.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Government Code Section 815)

13      49.    Public entities have liability for injury only when that liability has been

14  assumed by statue. Government Code §815(a). The Plaintiffs cannot predicate a claim of

15  general negligence against a municipality such as Seaside without a statutory basis. Common

16  law negligence as alleged in the sixth count is impermissible since this claim is not based

17  upon statute.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Act of Another)

20      50.    Defendants are not liable for the damages caused by the act or omission of

21  another person (Government Code §820.8).

## NINETEENTH AFFIRMATIVE DEFENSE

### (Discretionary Immunity)

24      51.    The officers are immune in that the incident required the exercise of

25  discretion for their own safety and the safety of others. Government Code §820.2;

26  _Reynolds v. County of San Diego_ (9th Cir. 1996) 84 F.3d 1162.

27  ///

28  ///

LEE A. WOOD &
ASSOCIATES, P.C.,
695 Town Center Dr, Suite 700
Costa Mesa, CA  92626
(714) 384-6570

13

ANSWER TO FIRST AMENDED COMPLAINT

1

## TWENTIETH AFFIRMATIVE DEFENSE

2

### (Joint and Several Liability)

3      52.     Under and pursuant to the terms of Civil Code §§ 1431 through 1431.5,

4  Plaintiffs are barred and precluded from recovery against these answering Defendants for

5  any non economic damages, except those allocated to these Defendants in direct proportion

6  to their percentage of fault, if any such fault or damage exists.

7

## TWENTY-FIRST AFFIRMATIVE DEFENSE

8

### (Lack of Police Services)

9      53.     The City and its officers are immune for the failure to provide sufficient or

10  additional police protection services pursuant to Government Code § 845.

11

## TWENTY-SECOND AFFIRMATIVE DEFENSE

12

### (Mandatory Duties)

13      54.     A public entity is liable for injuries caused by its failure to discharge a

14  mandatory duty imposed by statute. Government Code §815.6.  To maintain a private civil

15  action for the breach of a mandatory duty, the plaintiff must identify and specifically plead

16  the statutory basis for the mandatory duty. Further, the plaintiff must demonstrate, among

17  other things, the statute was intended to protect against the type of harm suffered, and

18  breach of the statute's mandatory duty was a proximate cause of the injury suffered.

19  *Washington v. County of Contra Costa*, 38 Cal.App.4[th] 890, 896 (1995). That any and all

20  mandatory duties imposed upon these answering Defendants was exercised with reasonable

21  diligence, which precludes liability under Government Code § 815.6.

22

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23

### (Failure to Enforce Enactment)

24      55.     Defendants are not liable for any injury or damage caused by the adoption or

25  the failure to adopt or enact or by failing to enforce any law in accordance with

26  Government Code §§ 818.2 and 821.

27  ///

28  ///

LEE A. WOOD &
ASSOCIATES, P.C.,
695 Town Center Dr, Suite 700
Costa Mesa, CA  92626
(714) 384-6570

ANSWER TO FIRST AMENDED COMPLAINT

1

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

2

**(Immunity of Public Entity)**

3      56.     Defendants Seaside and Seaside Police Department are not liable for the

4   damages, if any, alleged in Plaintiffs' First Amended Complaint by reason of the provisions

5   of <u>Government Code</u> §§ 815.2(a) and (b), in that a public entity is not liable for an injury

6   resulting from an act or omission of an employee of the public entity where the employee is

7   immune from liability.

8

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

9

**(<u>Government Code</u> § 821.6)**

10      57.     That Defendants are not liable for the injury or damage to the extent the

11   claims are predicated on negligence by reason of the provisions of <u>Government Code</u> §

12   821.6 which provides that a public employee is not liable for an injury caused by its

13   instituting or prosecuting any judicial or administrative proceedings within the scope of his

14   employment, even if he acts maliciously and without probable cause.

15

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

16

**(Lawful Use of Force)**

17      58.     Any force exercised by the Defendants herein was reasonable and only to that

18   degree necessary under the circumstances to effect a lawful arrest of an armed suspect (see

19   also <u>Government Code</u> §820.4).

20

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

21

**(Immunity for Fleeing Arrest)**

22      59.     Defendants are immune for any injury to person or property caused by a

23   person fleeing arrest pursuant to <u>Government Code</u> §845.8.

24

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

25

**(Enforcement of Law)**

26      60.     These Defendants are not liable for the damages, if any, alleged in Plaintiffs'

27   complaint, by reason of the provisions of <u>Government Code</u> §820.4 in that a public

28

LEE A. WOOD &
ASSOCIATES, P.C..
695 Town Center Dr, Suite 700
Costa Mesa, CA  92626
(714) 384-6570

ANSWER TO FIRST AMENDED COMPLAINT

1   employee is not liable for his act or omission, exercising due care, in the execution or
2   enforcement of any law.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

#### (Entrance onto Property)

61.     These Defendants are not liable for the damages, if any, alleged in plaintiffs'
complaint by reason of the provisions of <u>Government Code</u> §821.8 in that a public
employee is not liable for an injury arising out of his entry upon any property where such
entry is expressly or impliedly authorized by law.

### THIRTIETH AFFIRMATIVE DEFENSE

#### (Governmental Tort Claims Act)

62.     Plaintiffs' claims are barred under <u>Government Code</u> §945.4 to the extent that
the Plaintiffs have not filed a timely governmental tort claim in accordance with
<u>Government Code</u> §§905, 910 and 911.2.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### (Penal Code §844)

63.     Under <u>Penal Code</u> §844, "[A] peace officer may break open the door or
window of the house in which the person to be arrested is, or in which they have reasonable
grounds for believing the person to be, after having demanded admittance and explained the
purpose for which admittance is desired."

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### (Ratification)

64.     A policymaker's mere refusal to overrule a subordinate's completed act does
not constitute approval.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

#### (Justifiable Homicide)

65.     Under California <u>Penal Code</u> section 196, homicide committed by a public
officer is justifiable homicide if, inter alia, it is "necessarily committed in overcoming actual
resistance to the execution of some legal process, or in the discharge of any other legal

LEE A. WOOD &
ASSOCIATES, P.C.,
695 Town Center Dr., Suite 700
Costa Mesa, CA 92626
(714) 384-6570

ANSWER TO FIRST AMENDED COMPLAINT

1  duty." Cal Penal Code §196. The test for determining whether a homicide was justifiable

2  under §196 is "whether the circumstances reasonably created a fear of death or serious

3  bodily hrm to the officer or to another." *Martinez v. County of Los Angeles*, 47 Cal. App. 4th

4  334, 349 (1996).

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Fourth Amendment)

7      66.    Plaintiffs' claim for their individual losses from Michael Rosa's death arise

8  under the Fourteenth Amendment (due process) and not the Fourth Amendment. See

9  *Moreland v. Las Vegas Metropolitan Police Department* 159 F.3d 365, 369 (9th Cir. 1998).

10  To prevail on their claim, the Plaintiffs must prove that the Defendant officers acted with

11  deliberate indifference to their rights of familial relationship and society by using excessive

12  force against decedent Michael Rosa. *Byrd v. Guess*, 137 F.3d 1126, 1134 (9th Cir. 1998).

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Civil Code §50)

15      67.    That the Plaintiffs herein are barred from recovery by reason of Defendants'

16  exercise of self defense and further by reason of Plaintiffs' decedent's actual or mutual

17  combat (Civil Code §50).

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

20      68.    The Plaintiffs do not have legal standing under California Civil Code

21  §377.20(a) to assert some if not all of the claims against the Defendants. California allows

22  representatives of decedents' estates to file survival actions for damages, other than for pain,

23  suffering, and disfigurement, suffered by decedents before their deaths. *County of Los*

24  *Angeles v. Superior Court*, 21 Cal. 4th 292, 303-05, 87 Cal. Rptr. 2d 441, 981 P.2d 68

25  (1999); see Cal. Civ. P. Code §§ 377.20, 377.34.

26  ///

27  ///

28  ///

LEE A. WOOD &
ASSOCIATES, P.C.,
695 Town Center Dr, Suite 700
Costa Mesa, CA 92626
(714) 384-6570

17

ANSWER TO FIRST AMENDED COMPLAINT

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Mootness)**

69.     As Plaintiffs did not suffer a Constitutional injury, their claims against Seaside are moot. _City of Los Angeles v. Heller_, 475 U.S. 796, 799, 106 S.Ct. 1571, 1573, 89 L.Ed. 2d 806 (1986); Forrester v. County of San Diego, 25 F.3d 804, 808 (9th Cir. 1995); _Quintanilla v. City of Downey_, 84 F.3d 353, 355 (9th Cir. 1996) cert. denied, 519 U.S. 1122, 117 S.Ct. 972, 136 L.Ed 2d 856 (1997). _Palmerin v. Riverside_, 794 F.2d 1409, 1414-1415 (9th Cir. 1996) – absent any constitutional violations by individual defendants there can be no municipal liability. _Zimmerman v. Bishop_, 25 F.3d 784, 787 (9th Cir 1994).

70.     Pursuant to Government Code §985, the Defendants are entitled to a reduction of any and all "collateral source payments" as defined in the statute.

WHEREFORE, these answering Defendants pray that Plaintiffs take nothing by this action, that these Defendants recover their costs of suit incurred herein, including attorney's fees under 42 U.S. §1988 and Code of Civil Procedure §§1021.5 and 1038, and that these Defendants have such other relief as the Court may deem just and proper.

**DEFENDANTS DEMAND A TRIAL BY JURY.**

Dated:          December 1, 2005          LEE A. WOOD & ASSOCIATES, P.C.

By: _____

Thomas E. Francis-Of Counsel
Attorneys for Defendants
CITY OF SEASIDE (also erroneously served as
SEASIDE POLICE DEPARTMENT)
MATTHEW DOZA, NICK BORGES,
DAN CHARLTON and ANTHONY SOLLECITO
(erroneously sued as ANTHONY J. SELLECITO)

LEE A. WOOD &
ASSOCIATES, P.C.,
695 Town Center Dr, Suite 700
Costa Mesa, CA 92626
(714) 384-6570

ANSWER TO FIRST AMENDED COMPLAINT

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF ORANGE

3

I am employed in the City of Costa Mesa, County of Orange, State of California.  I am over
the age of 18 years and not a party to the within action.  My business address is 695 Town
Center Dr., Suite 700, Costa Mesa, California 92626.  On December 1, 2005, I served the
documents named below on the parties in this action as follows:

4

5

6

## ANSWER TO FIRST AMENDED COMPLAINT/JURY TRIAL DEMAND

7

**SERVED UPON**:   John Burton
                    THE LAW OFFICES OF JOHN BURTON
                    414 South Margengo Avenue
                    Pasadena, CA 91101
                    Telephone:   (626) 449-8300
                    Facsimile:   (626) 449-4417

8

9

10

☒       (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be
placed in the United States mail at Costa Mesa, California.  I am readily familiar with the
practice of Law Offices of Lee A. Wood & Assoc., P.C. for collection and processing of
correspondence for mailing, said practice being that in the ordinary course of business, mail
is deposited in the United States Postal Service the same day as it is placed for collection.  I
am aware that on motion of the party served, service is presumed invalid if postal
cancellation date or postage meter date is more than one day after date of deposit for mailing
in affidavit.

11

12

13

14

15

☐       (BY PERSONAL SERVICE) I delivered to an authorized courier or driver authorized
by U.S. Delivery Systems to receive documents to be delivered on the same date.  A proof
of service signed by the authorized courier will be filed forthwith.

16

17

☐       (BY OVERNITE EXPRESS) I am readily familiar with the practice of Law Offices
of Lee A. Wood & Assoc., P.C. for the collection and processing of correspondence for
overnight delivery and known that the document(s) described herein will be deposited in a
box or other facility regularly maintained by Overnite Express for overnight delivery.

18

19

20

☐       (BY FACSIMILE)  The above-referenced document was transmitted by facsimile
transmission and the transmission was reported as complete and without error.  Pursuant to
C.R.C. 2009(I), I caused the transmitting facsimile machine to issue properly a transmission
report.

21

22

23

☒       (STATE)  I declare under penalty of perjury under the laws of the State of California
that the above is true and correct.

24

☐       (FEDERAL)  I declare that I am employed in the office of a member of the bar of this
court, at whose direction this service was made.

25

26

Executed on December 1, 2005, at Costa Mesa, California.

27

*Rania Nassar*

28

RANIA NASSAR

Lee A. Wood &
Associates, P.C.
695 Town Center Drive, # 700
Costa Mesa, CA 92626
(714) 384-6570

1