\*\*E-filed 3/7/06\*\*

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| EVELYN ROSA, et al. | Case No. C 05-03577 JF |
| Plaintiffs, | ORDER[1] DENYING MOTION TO DISMISS |
| v. | |
| CITY OF SEASIDE, et al. | [Docket No. 60] |
| Defendants. | |

On September 6, 2005, Plaintiffs Evelyn Rosa, Robert Rosa (parents of the decedent Michael Rosa), and Tammy Hike (personal representative of the decedent) filed a complaint against various public entities, law enforcement officers, Taser International, Inc. ("Taser"), and Does 1 to 10.  Plaintiffs allege eight claims for relief: (1) Wrongful Death, 42 U.S.C. § 1983; (2) Survival Action, 42 U.S.C. § 1983; (3) Deprivation of the Rights of Plaintiffs' to Familial Relationships with the Decedent,  42 U.S.C. § 1983; (4) Violation of California Civil Code §52.1; (5) Assault and Battery; (6) Police Negligence; (7) Products Liability - Negligence; and (8) Products Liability - Strict Liability.  Claims 1-6 are asserted against all defendants except Taser, while claims 7-8 are asserted against Taser only.  Plaintiffs allege that they are entitled to

---

[1] This disposition is not designated for publication and may not be cited.

Case No. C 05-03577 JF
ORDER DENYING MOTION TO DISMISS
(JFEX2)

compensatory damages, cost of suit, reasonable attorney's fees and expenses of litigation, statutory damages, and exemplary damages. On January 4, 2006, Taser filed the instant motion to dismiss the seventh and eighth claims. Plaintiffs oppose the motion. For the reasons set forth below, the motion will be denied.

## I. BACKGROUND

Plaintiffs allege the following facts: on August 29, 2004, the Decedent was at his parents' home and "began acting erratically," possibly due to the effects of methampehetamine. Second Amended Complaint ("SAC"), ¶ 17. Upon a report of the Decedent's "bizarre (but not criminal) actions" by a neighbor, various police officers from Defendants' agencies arrived at the scene. *Id*. Defendant officers pursued the Decedent through the neighborhood and finally "caught up with him on a small hillside behind a home." *Id.* Plaintiffs allege that at least two Defendant officers used their Taser weapons to shock the Decedent repeatedly and subsequently "compressed his chest on the ground with sufficient force to cause bruising." *Id.* Plaintiffs allege that "the net effect of the Taser shocks and police restraint procedures" was the cause of the Decedent's death. *Id.*

## II.  LEGAL STANDARD

A complaint may be dismissed as a matter of law for only two reasons:  (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE ¶ 12.08 at 2271 (2d ed. 1982)). For purposes of this motion to dismiss, all allegations of material fact are taken as true and "construed in the light most favorable to the nonmoving party." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). A complaint should not be dismissed "unless it appears beyond doubt the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* However, the Court "is not required to accept legal conclusions

2

cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Id.* at 754-55. Motions to dismiss generally are viewed with disfavor under this liberal standard and are granted rarely. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).

### III. Discussion

**A. Products Liability — Negligence (Seventh Claim)**

Taser contends that the Decedent's injuries were not foreseeable because Decedent was not the intended buyer or end user of its product and because Plaintiffs have failed to allege facts sufficient to show a causal nexus between Decedent's death and Taser's negligence in testing for dangers and in warning its customers. To prevail on a negligence claim, "[Plaintiffs] must show that [Taser] owed them a legal duty, that it breached the duty, and that the breach was a proximate or legal cause of their injuries." *Merrill v. Navegar, Inc.*, 26 Cal. 4th 464, 477 (2001). "The existence and scope of duty are legal questions for the court." (citing *Ann M. v. Pacific Plaza Shopping Center*, 6 Cal.4th 66, 674 (1993)). The general rule enunciated by section 1714 of the California Civil Code is that "everyone is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person." Courts generally consider several factors to determine whether an exception to this rule should be made for reasons of public policy. These factors include "foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved." *Rowland v. Christian*, 69 Cal.2d 108, 113 (1968). Further, under a negligence theory of product liability, a "manufacturer's duty of care extends to all

3

persons within the range of potential danger from his product." *Pike v. Frank G. Hough Co.*, 2 Cal.3d 465, 467 (1970). Reasonable care must be used by a manufacturer to "design his product as to make it not accident-proof, but safe for the use for which it was intended." *Id.* at 470.

Here, the intended use is to aid police officers in temporarily incapacitating violent or erratic suspects by delivering electric shocks. Accordingly, Taser has a duty of care to design and manufacture its products to avoid foreseeable dangers arising from that use, and to warn its customers and users of any foreseeable dangers. In the present case, Taser's foreseeability argument is unpersuasive for several reasons. First, although Decedent was not a buyer or end user of Taser's products, Taser's duty extends to "all persons within the range of potential danger from [its] product." *Id.* at 467. Second, the purpose of the product is to assist police in restraining third party suspects, who foreseeably might be violent or under the influence of drugs or alcohol. It follows that Taser has a duty to test and warn of any foreseeable dangers that could arise when suspects are subjected to aggressive restraint procedures, including the net effects of such procedures on respirations.

Taser further argues that Plaintiffs has failed to allege a causal link between the alleged negligent manufacture and design defects in Taser's product and Decedent's death. The plaintiff generally has the burden of proof with respect to causation. "[Plaintiffs] must show (1) [Taser's] act or omission was a cause in fact of [Decedent'] injury; and (2) [Taser] should be held responsible for negligently causing the [Decedent's] injury." *Vasquez v. Residential Investments, Inc.*, 118 Cal.App.4th 269, 288 (2004). The causation in fact in the first part of the test is a question of fact for the jury and requires a showing that the negligent design of the product was a substantial factor contributing to the harm suffered. *See Id.; Whiteley v. Phillip Morris, Inc.*, 117 Cal.App.4th 635, 703 (2004); California Jury Instructions-Civil § 1220. Here, Plaintiffs allege that "at least two officers shocked the [Decedent] repeatedly" and compressed his chest thereafter on the ground "with sufficient force to cause bruising." SAC, ¶ 17. The alleged events appear to have occurred close together, that is, the alleged chest compression by the defendant officers took place shortly after the multiple electric shocks from Taser ordnance. Under these

circumstances, causation is a question of fact, at least at the present stage of these proceedings.

**B. Products Liability — Strict Liability (Eighth Claim)**

Taser contends that its product is not such an inherently dangerous product as to trigger strict liability, that it did not have a duty to warn of any known dangers foreseeable to the user, that its alleged failure to train law enforcement on use of its product is not subject to strict liability, and that there is no claim for express or implied warranty due to absence of privity between Taser and Plaintiff or Decedent.

In a strict liability action based on defective design, "a product is defective . . . either (1) if the product has failed to perform as safely as an ordinary consumer would expect when used in an intended or reasonably foreseeable manner, or (2) if . . . the benefits of the challenged design do not outweigh the risk of danger inherent in such design." *Merrill*, 26 Cal.4th at 479 (citing *Barker v. Lull Engineering Co.*, 20 Cal.3d 413, 418 (1978)). Thus, it is not necessary to show that a product is inherently dangerous to assert a strict liability theory of product liability.

Taser argues that it has no duty to warn because the potential dangers of its product (TASER™ ECD) were foreseeable to Decedent and the product's users. It is not clear whether Taser refers to "foreseeable dangers" as the effects of electric shocks from TASER™ ECD alone or as the net effects of such electric shocks and chest compressions. To the extent that Taser asserts that the effects of electric shocks are foreseeable, it does not necessarily follow that the combined effects of such shocks and chest compression were foreseeable. And if the combined effects were foreseeable to the users, they were foreseeable to Taser, too.

Similarly, Taser's argument that the allegation of failure to train law enforcement officers is not subject to strict liability is unpersuasive. Plaintiffs allege under the "negligence theory" of product liability that Taser knew or reasonably should have known that the Decedent was likely to be shocked by law enforcement officers with inadequate warnings or training. SAC, ¶ 47. The gist of Plaintiffs' strict liability claim is that Taser manufactures and sells its product without adequate testing for dangers or warnings of any reasonable foreseeable dangers, not its failure to

5

1  train its users on the device.

2      Finally, Plaintiffs have clarified that they are not asserting a claim for breach of express

3  or implied warranty.  Accordingly, this portion of Taser's motion is moot.

### IV. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that Taser's motion to dismiss is DENIED.  Taser shall file its answer within twenty (20) days of the date of the order.

DATED: 3/7/06

                                                      JEREMY FOGEL
                                                      United States District Judge

Case No. C 05-03577 JF
ORDER DENYING MOTION TO DISMISS
(JFEX2)

Copies of Order e-mailed to:

John Christopher Burton jb@johnburtonlaw.com, rt@johnburtonlaw.com

Thomas E. Francis tfrancis@bfka-law.com, rnassar@leeawoodlaw.com

Peter T. Kirchen pkirchen@kernwooley.com

Traci A. Kirkbride kirkbrideta@co.monterey.ca.us, edwards-jamesg@co.monterey.ca.us; zazuetac@co.monterey.ca.us

Mildred K. O'Linn mko@mmker.com, mdj@mmker.com

Darrell M. Padgette dpagette@kemwooley.com

Christina Y. Tsou ctsou@hurleylaw.com, gforese@hurleylaw.com

Peter M. Williamson pmw@williamson-krauss.com, tbk@williamson-krauss.com

**5:05-cv-3577 Notice will NOT be electronically mailed to:**

Deborah Mall
City of Monterey
City Hall
Monterey, CA 93940

Case No. C 05-03577 JF
ORDER DENYING MOTION TO DISMISS
(JFEX2)