UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EVELYN ROSA, et al.,<br><br>          Plaintiffs,<br><br>    v.<br><br>CITY OF SEASIDE, et al.,<br><br>          Defendants. | Case No.: C 05-3577 PVT<br><br>**ORDER DENYING REQUEST TO APPEAR BY TELEPHONE, CONTINUING HEARING TO AUGUST 8, 2006, AND TENTATIVELY DENYING MOTION FOR LEAVE TO SUBPOENA DRUG/ALCOHOL TREATMENT RECORDS** |

      On June 19, 2006 a "Motion to Compel Production of Records by Non-Party Valley Health Associates" was filed by Defendants City of Seaside, Matthew Doza, Nick Borges, Dan Charlton and Anthony J. Sollecito (collectively "City of Seaside"), which this court deemed to be a motion for leave to subpoena patient records pursuant to 42 C.F.R. section 2.1(b)(2)(C) and/or section 2.2(b)(2)(C). Neither Plaintiffs nor Valley Health Associates ("VHA") opposed the motion. On July 31, 2006, less than 24 hours before the scheduled hearing on the motion, Defendants filed a request to appear by telephone at the hearing. Based on the papers submitted by Defendants and the file herein,

      IT IS HEREBY ORDERED that Defendants' request to appear by telephone is DENIED, however, the hearing on Defendants' motion for leave to subpoena patient records is CONTINUED to 10:00 a.m. on August 8, 2006.

IT IS FURTHER ORDERED that Defendants' motion for leave to subpoena patient records is TENTATIVELY DENIED. Under 42 C.F.R. sections 2.1(b)(2)(C) and 2.2(b)(2)(C), a party seeking disclosure of drug and alcohol treatment records must show good cause. "In assessing good cause the court shall weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services." *See*, 42 C.F.R. §§ 2.1(b)(2)(C) & 2.2(b)(2)(C). Seaside argues there is good cause in this case because: 1) Rosa is deceased, and thus disclosure of his private treatment records would not injure him; and 2) the records are purportedly relevant to a defense of "suicide by cop." However, the regulations apply even *after* a patient dies. *See*, 42 C.F.R. § 2.15(b). The fact a patient is deceased does not eliminate the legislature's evident concern for the public's expectation in the privacy of physician-patient relationships and treatment services. Further, Defendants have presented little factual support for a "suicide by cop" defense in this case. Granting Defendants' request for leave to subpoena Michael Rosa's treatment records based on such a minimal showing of good cause would effectively eviscerate the privacy protections of 42 C.F.R. sections 2.1(b)(2)(C) and 2.2(b)(2)(C) for all deceased patients, in contravention of 42 C.F.R. section 2.15(b) (with limited exceptions not at issue here, "disclosure of information identifying a deceased patient as an alcohol or drug abuser is subject to these regulations.")

Dated: *7/31/06*

PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 2*