**United States District Court**

**For the Northern District of California**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EVELYN ROSA, et al., <br><br>      Plaintiffs, <br><br>   v. <br><br> CITY OF SEASIDE, et al., <br><br>      Defendants. | Case No.: C 05-3577 JF (PVT) <br><br> **ORDER DENYING DEFENDANT TASER INTERNATIONAL, INC.'S MOTION COMPEL PRODUCTION OF RECORDS PURSUANT TO INVALID SUBPOENA** |

    On November 13, 2006, Defendant Taser International, Inc. ("Taser") filed a motion to compel non-party Valley Health Associates to produce documents. Plaintiffs opposed the motion. The hearing was set for January 2, 2007. Due to the declaration of a national day of mourning for that day, the court was closed and no hearing was held. However, having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the arguments and evidence submitted by the parties,

    IT IS HEREBY ORDERED that Defendant Taser's motion to compel is DENIED both because there is no valid subpoena to "compel" and because, even if the court were to deem this to be a motion for leave to serve the subpoena, Taser has not shown good cause for an order allowing issuance of the subpoena.

    Under 42 C.F.R. sections 2.1(b)(2)(C) and 2.2(b)(2)(C), before a party may subpoena

disclosure of drug and alcohol treatment records it must obtain an order of the court for good cause shown. Here, Taser issued the subpoena without leave of court. When Defendant City of Seaside brought a similar motion to compel drug and alcohol treatment records, this court deemed the motion to be one for leave to issue the subpoena based on giving that Defendant the benefit of the doubt as to whether its counsel knew that leave of court was required. Defendant Taser's counsel, however, acknowledge that they are aware of this court's prior order and thus knew that leave of court is required *before* service of such a subpoena. The court is not inclined to again deem the motion to be one for leave to serve the subpoena. Moreover, even if the court were to deem the motion to be one for leave to serve the subpoena, Taser has not shown good cause for granting such leave.

"In assessing good cause the court shall weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services." *See*, 42 C.F.R. §§ 2.1(b)(2)(C) & 2.2(b)(2)(C). Taser argues there is good cause in this case because the cause of decedent's death is at issue in this lawsuit. However, Taser has not shown that its purported need for disclosure of the treatment records outweighs the public interest in maintaining the confidentiality of such records. Plaintiffs are not contesting the fact that the decedent was under the influence of methamphetamine at the time of his death. And Taser already has the relevant toxicology report which states the specific levels of methamphetamine found in decedent's blood, as well as the postmortem exam which states that the decedent was "in an agitated delirious or psychotic state caused by acute methamphetamine intoxication" at the time of his death. Taser has made no showing that there is any reason to believe that the treatment records sought contain any information regarding the specific events and conditions on the day of decedent's death. Nor has Taser explained why any existing *prior* treatment records would add any non-cumulative evidence that is relevant to the cause of decedent's death. Specifically, Taser has made no showing that *prior* drug use would somehow be relevant to the cause of death, nor that the evidence it already has is insufficient to allow its medical expert to adequately prepare his or her report and testify at trial.

Dated: *1/4/07*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 2*