1  Mildred K. O'Linn, Esq. (State Bar No. 159055)
   MANNING & MARDER
2  KASS, ELLROD, RAMIREZ LLP
   15th Floor at 801 Tower
3  801 South Figueroa Street
   Los Angeles, CA 90017
4  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
5  mko@mmker.com
   Attorneys for Defendant,
6  TASER INTERNATIONAL, INC.

7  Michael Brave, Esq. (Wisconsin State Bar No. 1012226)
   National Litigation Counsel
8  TASER International, Inc.
   17800 North 85th Street, 3rd Floor
9  Scottsdale, AZ 85255-6311
   Telephone: (651) 248-2809
10 Facsimile: (480) 275-3291
   brave@laaw.com
11 (Pro Hac Vice) Attorney for Defendant,
   TASER INTERNATIONAL, INC.

12

   Holly Gibeaut, Esq. (Arizona State Bar No. 019786)
13 Litigation Counsel
   TASER International, Inc.
14 17800 North 85th Street
   Scottsdale, Arizona 85255-9603
15 Telephone: (480) 502-6265
   Facsimile: (480) 905-2027
16 hgibeaut@taser.com
   (Pro Hac Vice) Attorney for Defendant,
17 TASER INTERNATIONAL, INC.

18 John R. Maley   (Indiana State Bar No. 14300-89)
   BARNES & THORNBURG LLP
19 11 South Meridian Street
   Indianapolis, Indiana 46204
20 Telephone: (317) 231-7464
   Facsimile: (317) 231-7433
21 john.maley@btlaw.com
   (Pro Hac Vice) Attorney for Defendant,
22 TASER INTERNATIONAL, INC.

23                    UNITED STATES DISTRICT COURT

24                   NORTHERN DISTRICT OF CALIFORNIA

25

| | |
|---|---|
| 26  EVELYN ROSA and ROBERT ROSA, individually and as the personal representatives of MICHAEL ROBERT ROSA, deceased, | Case No.: C 05-03577 JF/HRL<br><br>[*Hon. Judge Jeremy Fogel, United States District Judge*] |

|   |   |   |
|---|---|---|
| 1 | Plaintiffs, | **STIPULATION OF THE PARTIES TO A CONTINUANCE OF THE TRIAL DATE AND RELATED MODIFICATION OF THE COURT'S SCHEDULING ORDER; [PROPOSED] ORDER** |
| 2 | vs. | |
| 3 | CITY OF SEASIDE and SEASIDE POLICE DEPARTMENT, CITY OF DEL REY OAKS AND DEL REY OAKS POLICE DEPARTMENT, MONTEREY PENINSULA AIRPORT DISTRICT AND MONTEREY PENINSULA AIRPORT POLICE DEPARTMENT, CITY OF MONTEREY AND MONTEREY POLICE DEPARTMENT, COUNTY OF MONTEREY AND MONTEREY COUNTY SHERIFF'S DEPARTMENT, DEL REY OAKS POLICE CHIEF RON LANGFORD, MONTEREY POLICE CHIEF CARLO CUDIO, MONTEREY SHERIFF MIKE KANALAKIS AND SEASIDE POLICE CHIEF ANTHONY SELLECITO, SEASIDE POLICE OFFICERS MATTHEW DOZA, NICK BORGES, AND CHARLTON, DEL REY OAKS POLICE OFFICER RUSSELL VANZANTEN, AIRPORT POLICE DEPARTMENT OFFICER JEFF POWELL, MONTEREY POLICE OFFICER KATIE REYES, MONTEREY COUNTY SHERIFF'S DEPUTIES JOE PALAZZOLO AND IRONS, TASER INTERNATIONAL, INC., and DOES 1 TO 10, | |
| | Defendants. | |

**TO THE HONORABLE COURT:**

IT IS HEREBY STIPULATED by and between the parties to the above entitled action, by and through their respective attorneys of record, and pursuant to United States District Court, Northern District of California Local Rules 7-12 and 40-1, as follows:

1. The Court, in its scheduling order of April 3, 2009, set the following dates and deadlines that are relevant to this Stipulation:

Expert Designation and Reports due: June 12, 2009;

Expert Counter-Designation deadline: June 22, 2009;

Expert Discovery Cut-Off date: July 17, 2009;

Dispositive Motion Filing Cut-Off date: August 17, 2009;

Dispositive Motion Hearing Cut-Off date: September 4, 2009;

Pre-Trial Conference date: September 8, 2009;

Trial date: September 11, 2009.

## GOOD CAUSE STATEMENT.

2.  As the Court is aware, plaintiffs assert products liability claims against defendant TASER International, Inc. ("TASER") regarding decedent. Expert opinion regarding substantial factor causation of death is therefore a critical component of this case.

3.  Due to a number of circumstances, including the unavailability and/or scheduling conflicts of various experts whose expertise in the issues relevant to this case is unique, several expert depositions that are important to this case can not be completed before the Expert Discovery Cut-Off ("EDCO") date of July 17, 2009.

4.  Specifically, the complete scope of both parties' expert designations was not known or knowable until after the Expert Counter-Designation deadline of June 22, 2009.

5.  Thereafter, beginning on or about June 25, 2009, and continuing to the date of this Stipulation, counsel for the parties have met and conferred about the availability of each party's experts for deposition.

6.  As a result of those conferences of counsel, the following expert depositions have been scheduled in this case:

    a.  Plaintiffs' deposition of defense expert <u>Raymond Fish</u>, Ph.D., M.D., FACEP, has been set for <u>July 9, 2009</u> – Dr. Fish's testimony is expected to go to the central issue of medical cause of death, particularly as it regards various studies involving electronic control devices ("ECD");

    b.  Plaintiffs' deposition of defense expert <u>Gary Vilke</u>, M.D., FACEP, FAAEM, has been set for <u>July 13, 2009</u> – Dr. Vilke's testimony is expected to go to the issues of the effects of ECD on human cardio-physiology;

      c.    Plaintiffs' deposition of defense expert <u>Charles Welti</u>, M.D., has been set for <u>July 15, 2009</u> – Dr. Welti's testimony is expected to go to the central issue of medical cause of death, particularly as it regards excited delirium;

      d.    Defendant's deposition of plaintiffs' expert <u>Wm. F. Kitzes</u>, J.D., has been set for <u>July 20, 2009</u> – Mr. Kitzes' testimony is expected to go to the issue of ECD safety, training, and product warnings;

      e.    Plaintiffs' deposition of defense expert <u>Steven B. Karch</u>, M.D., FFFLM, has been set for <u>July 27, 2009</u> – Dr. Karch's testimony is expected to go to the central issue of medical cause of death, particularly as it regards decedent's pathology and methamphetamine use;

      f.    Plaintiffs' deposition of defense expert <u>Jeffrey Ho</u>, M.D., has not yet been set, though he has indicated that he is available for deposition during <u>July 29, 2009</u> – Dr. Ho's testimony is expected to go to the central issue of the medical effects of electrical output from an ECD on humans;

      g.    Defendant's deposition of plaintiffs' expert <u>Nathan Lavid</u>, M.D., has been set for <u>August 11, 2009</u> – Dr. Lavid's testimony is expected to go to the issue of the effects of methamphetamine addiction on decedent prior to death;

      h.    Plaintiffs' deposition of defense expert <u>Richard Guilbault</u> has been set for <u>August 13, 2009</u> – Mr. Smith is expected to testify on the issue of the design, testing, training offerings, and safety warnings provided by TASER, particularly as it regards the state-of-the-art;

      i.    Plaintiffs' deposition of defense expert <u>Patrick "Rick" Smith</u>, CEO of TASER, has been set for <u>August 14, 2009</u> – Mr. Smith is expected to testify on the issue of the design, testing, training offerings, and safety warnings provided by TASER;

j. Defendant's deposition of plaintiffs' expert <u>Donna Gallik</u>, M.D., has been set for <u>August 18, 2009</u> – Dr. Gallik's testimony is expected to go to the issue of medical cause of death, particularly as it relates to acidosis;

k. Defendant's deposition of plaintiffs' expert <u>Robert Johnson</u>, forensic economist, has been set for <u>August 26, 2009</u> – Mr. Johnson's testimony is expected to go to the issue of plaintiffs' damages;

l. Defendant's deposition of plaintiffs' expert <u>Barry Gustin</u>, M.D., M.P.H., has been set for <u>August 25, 2009</u> – Dr. Gustin's testimony is expected to go to the issue of medical cause of death;

m. Additionally, plaintiffs have indicated their intent to depose the following defense experts for whom deposition dates have yet to be calendared: <u>Deborah Mash</u>, Ph.D., who is expected to testify on the issue of cause of death as it relates to excited delirium.

7. Each of the aforementioned experts has unique expertise for which there is no practicable substitute at this point in time.

8. During the conferences of counsel regarding the availability of each party's experts for deposition, several insurmountable scheduling conflicts arose that caused several of these expert depositions to be possible only *after* the current EDCO date, and – in at least three cases – even beyond the Dispositive Motion Filing Cut-Off ("MFCO") date.

9. With expert depositions calendared for dates *after* the MFCO date, it will be impossible for expert discovery to be completed before dispositive motions – *e.g.*, motions for summary judgment/adjudication ("MSJs") and *Daubert* motions – must be filed. Furthermore, under the present circumstances, expert discovery would be completed barely two weeks before trial on this matter is set to begin, making pre-trial motions and other pre-trial filings problematic at least and impossible at worst.

///

10. In light of these circumstances, the parties agree that more time is needed to adequately prepare their cases for trial before this Court. Therefore, the parties believe that good cause exists for the Court's current scheduling order to be modified.

## STIPULATION RE SCHEDULING ORDER.

11. Accordingly, the parties, by and through their respective attorneys of record, hereby stipulate, and respectfully request that this Court modify its scheduling order of April 3, 2009, to set the following dates and deadlines:

> Expert Discovery Cut-Off date: <u>August 31, 2009</u>, or a date thereafter as the Court shall deem appropriate (*discovery must be completed, not merely noticed or served, by this date*);
>
> Dispositive Motion Filing Cut-Off date: <u>September 25, 2009</u>, or a date thereafter as the Court shall deem appropriate and in accordance with the Local Rules;
>
> Dispositive Motion Hearing Cut-Off date: <u>November 9, 2009</u>, or a date up to one (1) week before or after such date as the Court shall deem appropriate and in accordance with the Local Rules;
>
> Pre-Trial Conference date: <u>November 30, 2009</u>, or a date up to one (1) week before or after such date as the Court shall deem appropriate;
>
> Trial date: <u>December 4, 2009</u>, or a date up to two (2) weeks before or after such date as the Court shall deem appropriate.

///
///
///

12. It is further agreed that this Stipulation may be signed in counterpart and that a facsimile or electronic signature will be as valid as an original signature.

IT IS SO STIPULATED.

Dated: July 14, 2009          MANNING & MARDER
                              KASS, ELLROD, RAMIREZ


                              By:  /s/
                                   Mildred K. O'Linn
                              Attorneys for Defendant,
                              TASER INTERNATIONAL, INC.


DATED: July 14, 2009          THE LAW OFFICES OF JOHN BURTON

                              By:  /s/
                                   John Burton
                              Attorneys for Plaintiffs,
                              EVELYN ROSA and ROBERT ROSA,
                              individually and as the personal
                              representatives of MICHAEL ROBERT
                              ROSA, deceased.


DATED: July 14, 2009          WILLIAMSON & KRAUSS

                              By: /s/
                                  Peter M. Williamson
                              Attorneys for Plaintiffs,
                              EVELYN ROSA and ROBERT ROSA,
                              individually and as the personal
                              representatives of MICHAEL ROBERT
                              ROSA, deceased.

///

///

///

1 **ORDER**

2 PURSUANT TO STIPULATION, IT IS SO ORDERED AS FOLLOWS:

3 The Expert Discovery Cut-Off date: is reset to August 31, 2009 (*discovery
4 must be completed, not merely noticed or served, by this date*);

5 Dispositive Motion Filing Cut-Off date: is reset to September 25, 2009;

6 Dispositive Motion Hearing Cut-Off date: is reset to November 9, 2009;

7 Pre-Trial Conference date: is reset to November 30, 2009;

8 Trial date: December 4, 2009.

9 IT IS SO ORDERED.

10 DATED: __7/16_____, 2009

**UNITED STATES DISTRICT JUDGE**