**\*\* E-filed July 28, 2009 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EVELYN ROSA and ROBERT ROSA, individually and as the personal representatives of MICHAEL ROBERT ROSA, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SEASIDE and SEASIDE POLICE DEPARTMENT, CITY OF DEL REY OAKS AND DEL REY OAKS POLICE DEPARTMENT, MONTEREY PENINSULA AIRPORT DISTRICT AND MONTEREY PENINSULA AIRPORT POLICE DEPARTMENT, CITY OF MONTEREY AND MONTEREY POLICE DEPARTMENT, COUNTY OF MONTEREY AND MONTEREY COUNTY SHERIFF'S DEPARTMENT, DEL REY OAKS POLICE CHIEF RON LANGFORD, MONTEREY POLICE CHIEF CARLO CUDIO, MONTEREY SHERIFF MIKE KANALAKIS AND SEASIDE POLICE CHIEF ANTHONY SELLECITO, SEASIDE POLICE OFFICERS MATTHEW DOZA, NICK BORGES, AND CHARLTON, DEL REY OAKS POLICE OFFICER RUSSELL VANZANTEN, AIRPORT POLICE DEPARTMENT OFFICER JEFF POWELL, MONTEREY POLICE OFFICER KATIE REYES, MONTEREY COUNTY SHERIFF'S DEPUTIES JOE PALAZZOLO AND IRONS, TASER INTERNATIONAL, INC., and DOES 1 TO 10,<br><br>Defendants.<br>_____/ | No. C05-03577 JF (HRL)<br><br>**ORDER DENYING DEFENDANT TASER INTERNATIONAL, INC.'S MOTION FOR AN ORDER PERMITTING IT TO SERVE A SUBPOENA FOR COPIES OF DECEDENT'S DRUG AND ALCOHOL TREATMENT RECORDS**<br><br>**[Re: Docket No. 174]** |

**United States District Court**
For the Northern District of California

In August 2004, police responded to a call that decedent Michael Rosa was acting erratically outside his parents' home, possibly due to methamphetamine use. After chasing him through the neighborhood, police officers "shocked" him several times with a TASER International, Inc. ("TASER") weapon, and Rosa died. His parents sued several entities for wrongful death and other claims that have all since settled or been dismissed. They also sued TASER for products liability, alleging that TASER failed to warn about the hazards of its weapon. This is the only claim remaining in the case.

Rosa had a history of drug and alcohol abuse prior to his death. In February 2003, he started a five-month, court-ordered, outpatient treatment program at Valley Health Associates ("VHA") following a drug-related arrest. VHA later provided that court with two, one-page progress reports representing that Rosa had successfully completed his treatment. During fact discovery in this case, TASER tried to obtain copies of the treatment records underlying the VHA reports, but was unsuccessful. (Docket No. 99.) Fact discovery then closed on June 12, 2009. (Docket No. 168.) TASER now moves for a court order permitting it to serve a subpoena for Rosa's treatment records as part of its expert discovery. Plaintiffs oppose the motion. Upon consideration of the papers filed by the parties, as well as the arguments presented at the motion hearing, this court DENIES TASER's motion.

## LEGAL STANDARD

Alcohol and drug abuse patient treatment records are confidential and may only be disclosed in limited circumstances. 42 C.F.R. §§ 2.1(a), 2.2(a) (2008). Limiting disclosure is meant to insure that a person who seeks treatment for addiction is not made more vulnerable than an addict who does not seek treatment. § 2.3(b)(2). In the absence of patient consent, a party seeking access to such records must obtain a court order upon a showing of good cause. The court will assess good cause by "weigh[ing] the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services." §§ 2.1(b)(2)(C), 2.2(b)(2)(C). Protection against disclosure continues even after the patient's death. §§ 2.1(d), 2.15(b)(2).

## DISCUSSION

TASER argues that it has a critical need for Rosa's treatment records to rebut the opinion of

United States District Court
For the Northern District of California

1 plaintiffs' forensic psychiatric expert, Dr. Nathan E. Lavid, M.D.  Dr. Lavid used VHA's 2003
2 progress reports to support his opinion that Rosa would have likely responded to future drug
3 treatment.  (Renick Dec. Ex. A.)  TASER asserts that Dr. Lavid "simply accepted without question
4 or comment" VHA's determination that Rosa had successfully completed its program.  (Mot. 7:7–
5 8.)  It says that as a result, the only way it can rebut Dr. Lavid's opinion is to have its own experts
6 analyze the reports' underlying records to determine for itself whether Rosa would have been a good
7 candidate for future treatment.

8     TASER's concern is not limited to Dr. Lavid's opinion, however.  Plaintiffs also submitted
9 an expert report from a forensic economist, Robert W. Johnson.  Johnson calculated the present cash
10 value of Rosa's lost earning capacity through the end of Rosa's mother's life expectancy in 2027.
11 (Renick Dec. Ex. B.)  TASER argues that Johnson's calculation did not take into account how
12 Rosa's drug use might shorten his "work-life," which would reduce plaintiffs' damages.  It suggests
13 that plaintiffs will counter this argument with Dr. Lavid's opinion that Rosa would have responded
14 to future drug treatment, and as a result would not have had a shorter work-life because of drug use.
15 Therefore, TASER says that the accuracy of Johnson's damage estimate, and its ability to dispute
16 his calculation, depends in great part on whether Rosa would have been successful in any future
17 drug treatment.  It argues that unlike its attempt to reach these same VHA records during fact
18 discovery, its "need for disclosure is extraordinarily high" now and disclosure with a protective
19 order would not injure Rosa, VHA, or any physician-patient relationship.  (Mot. 9:5–8.)

20     The plaintiffs argue that TASER is merely trying to get a "second bite at the apple" after
21 failing to obtain the documents during fact discovery.  (Opp'n 3:25.)  They claim that TASER was
22 well aware that damages were disputed and that it should not be allowed to make a novel argument
23 at this late stage.  They further assert that it is important to preserve the confidentiality of Rosa's
24 VHA records and note that no one on either side has seen them—not even Dr. Lavid.  Plaintiffs also
25 say that there is no dispute that Rosa relapsed at some point after he completed his VHA treatment
26 in 2003.

27     The court is not convinced that TASER's only option for rebutting Dr. Lavid's expert
28 opinion is through third-party disclosure of Rosa's confidential VHA treatment records.  Dr. Lavid's

3

opinion was based on the court-ordered progress reports from VHA, but was not based on any underlying treatment records. He also based his opinion on other information available to both sides, such as Rosa's involvement with his family and church. Furthermore, TASER already knows that Rosa was using methamphetamine at the time of his death in 2004, after his treatment at VHA. TASER may therefore attack Dr. Lavid's opinion on several grounds—including that his acceptance of VHA's determination was somehow inappropriate—without Rosa's VHA treatment records. Consequently, TASER has not shown that it has a "critical need" that outweighs any potential injury to either Rosa or VHA and the policy of keeping drug treatment records confidential.

In any case, TASER's concern at the end of the day is the accuracy of Johnson's damage calculation. Johnson did not list Dr. Lavid's report as a basis of his opinion. Indeed, he did not even use Rosa's own life expectancy (or work-life) for his calculation; he used Rosa's *mother's* life expectancy. TASER rightly points out that Rosa's drug use appears to have not been a factor in Johnson's estimate. Yet, it can challenge his calculations on this point alone. TASER's experts also point to many other alleged deficiencies with Johnson's calculations: that his selection of Rosa's yearly wages as a painter was incorrect, that he did not consider Rosa's employability given his low education and criminal record, and that he did not factor in how Rosa's physical limitations might impact his ability to work. (Renick Dec. Exs. C–D.) All of these issues provide TASER with ample ammunition to attack the accuracy of Johnson's damage calculation—none of which require the disclosure of Rosa's confidential drug treatment records.

The statutory protection provided for Rosa's treatment records is no less during expert discovery than it was during fact discovery. Because TASER has not demonstrated good cause for third-party disclosure of documents at this time, its motion is DENIED.

**IT IS SO ORDERED.**

Dated: July 28, 2009



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C 05-03577 Notice will be electronically mailed to:**

| | |
|---|---|
| Christina Y. Tsou | ctsou@hurleylaw.com, gforese@hurleylaw.com |
| Christpher Mark Patti | christopher.patti@ucop.edu |
| Darrell M. Padgette | darrell.padgette@mendes.com, lidia.gamez@mendes.com |
| Deborah Ann Mall | mall@ci.monterey.ca.us, moshiri@ci.monterey.ca.us |
| James Glenn Bohm | jbohm@bmkalaw.com |
| Jeffrey R. Salberg | jsalberg@bmkalaw.com |
| John Christopher Burton | jb@johnburtonlaw.com, rt@johnburtonlaw.com |
| John R. Maley | jmaley@btlaw.com |
| Kathleen M. Anderson | kanderson@btlaw.com |
| Lee A. Wood | lwood@bmkalaw.com |
| M. Christine Davi | davi@ci.monterey.ca.us |
| Mildred Katherine O'Linn | mko@mmker.com, fsp@mmker.com |
| Peter M. Williamson | pmw@williamson-krauss.com, tbk@williamson-krauss.com |
| Peter Thomas Kirchen | pkirchen@kernwooley.com |
| Susan K. Blitch | sblitch@hurleylaw.com |
| Thomas E. Francis | tfrancis@bmkalaw.com, ksmith@leeawoodlaw.com, rnassar@leeawoodlaw.com |
| Thomas Vincent Perea | tperea@bmkalaw.com |
| Traci A. Kirkbride | kirkbrideta@co.monterey.ca.us, merillanac@co.monterey.ca.us |
| Vincent P. Hurley | vphurley@hurleylaw.com, gforese@hurleylaw.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**