\*\* E-filed July 29, 2009 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EVELYN ROSA and ROBERT ROSA, individually and as the personal representatives of MICHAEL ROBERT ROSA, deceased,<br><br>    Plaintiffs<br><br>  v.<br><br>CITY OF SEASIDE and SEASIDE POLICE DEPARTMENT, CITY OF DEL REY OAKS AND DEL REY OAKS POLICE DEPARTMENT, MONTEREY PENINSULA AIRPORT DISTRICT AND MONTEREY PENINSULA AIRPORT POLICE DEPARTMENT, CITY OF MONTEREY AND MONTEREY POLICE DEPARTMENT, COUNTY OF MONTEREY AND MONTEREY COUNTY SHERIFF'S DEPARTMENT, DEL REY OAKS POLICE CHIEF RON LANGFORD, MONTEREY POLICE CHIEF CARLO CUDIO, MONTEREY SHERIFF MIKE KANALAKIS AND SEASIDE POLICE CHIEF ANTHONY SELLECITO, SEASIDE POLICE OFFICERS MATTHEW DOZA, NICK BORGES, AND CHARLTON, DEL REY OAKS POLICE OFFICER RUSSELL VANZANTEN, AIRPORT POLICE DEPARTMENT OFFICER JEFF POWELL, MONTEREY POLICE OFFICER KATIE REYES, MONTEREY COUNTY SHERIFF'S DEPUTIES JOE PALAZZOLO AND IRONS, TASER INTERNATIONAL, INC., and DOES 1 TO 10,<br><br>    Defendants. | No. 05-03577 JF (HRL)<br><br>**ORDER DENYING DEFENDANT TASER'S MOTION  (1) TO COMPEL NON-PARTIES' PRODUCTION OF DOCUMENTS AND FOR DEPOSITIONS OF DRS. LEE AND TSENG, AND (2) FOR A LIMITED EXTENSION OF DISCOVERY**<br><br>**[Re: Docket No. 172]** |

United States District Court
For the Northern District of California

**Background**

This products liability and wrongful death suit arises from the death of Michael Rosa, son of plaintiffs Evelyn and Robert Rosa. Police officers used their TASER International Inc. ("TASER") electrical, non-lethal stun gun weapons to "shock" and subdue Michael. He died following the incident. Plaintiffs allege that TASER's weapons caused their son's death.

As one would assume, plaintiffs have retained experts in support of their claims. These experts cite and rely on thirty-two references related to the use of TASER's weapons. (Opp'n 1.) One such reference is an epidemiological study from The University of California, San Francisco ("UCSF"). See Byron K. Lee, M.D. et al., Relation of TASER (Electrical Stun Gun) Deployment to Increase in In-Custody Sudden Deaths, 103 Am. J. Cardiol. 877 (March 15, 2009) (the "Study"). The Study was published in the American Journal of Cardiology and relates the increase in sudden death of prisoners in official custody to the deployment and use of TASER's weapons. The authors gathered data from surveys they distributed to over one hundred California police and sheriff departments. The surveys requested the number of in-custody sudden deaths both before and after the departments deployed TASER weapons. The Study details how the authors collected and assessed the data.

Defendant TASER requested documents relating to the Study from UCSF under the Freedom of Information Act ("FOIA"). Unsatisfied, it later issued subpoenas to two authors of the Study, Drs. Tseng and Lee, to produce all documents relating to the Study and to appear for deposition. Drs. Tseng and Lee objected to the subpoenas, asserting that, as non-party experts, they have the right to select for whom they provide their expertise, and that the demand of the subpoenas amounts to a taking of their intellectual property.

TASER now moves to compel Drs. Tseng and Lee for production of documents related to the Study and for deposition.[1] It also moves to extend discovery to obtain this information. The doctors oppose the motion. Upon consideration of the moving and responding papers, as well as the oral arguments heard, this court DENIES TASER's motion.

---

[1] Plaintiffs have agreed not to move to quash the subpoenas. The court will resolve any issues concerning Drs. Tseng's and Lee's compliance with the subpoenas through the present motion to compel.

2

**Legal Standard**

Rule 45 of the Federal Rules of Civil Procedure governs the process of issuing subpoenas. A proper Rule 45 subpoena can command a non-party to attend and testify for depositions and to produce requested documents. Fed. R. Civ. P. 45(a)(1)(A). A subpoenaed non-party may object to the command, after which the serving party may move to compel compliance with the subpoena. Fed. R. Civ. P. 45(c)(2)(B).

However, to protect non-parties from misuse of the subpoena power, Rule 45 employs safeguards allowing a court to quash subpoenas. Fed. R. Civ. P. 45(c)(3). These safeguards address the concern that compelled compliance with a subpoena might result in significant expense or other undue burden on a non-party. Fed. R. Civ. P. 45(c)(2)(B)(ii). One such safeguard is that a non-party may withhold subpoenaed information when he is an unretained expert on the subject and the opinion or work product sought does not describe specific occurrences in dispute. Fed. R. Civ. P. 45(c)(3)(B)(ii). This protection ensures that the subpoena power does not improperly compel an unretained expert to unwillingly disclose his work product and deny him the right to effectively bargain for his professional service. In re Agent Orange Prods. Liab. Litig., 105 F.R.D. 577, 582 (E.D.N.Y. 1985). Yet, the court may conditionally order compliance with the subpoena if the party serving the subpoena shows it has a substantial need for the information that it otherwise cannot obtain without undue hardship. Fed. R. Civ. P. 45(c)(3)(C); Exxon Shipping Co. v. U.S. Dep't of Interior, 34 F.3d 774, 780 (9th Cir. 1994).

**Discussion**

Both parties acknowledge that Drs. Tseng and Lee are experts in the field of cardiology. In addition, there is no dispute as to their unretained status, that their expertise and work product are not specific to the particular occurrences in this case, and that they may be exempt from the subpoena power under Fed. R. Civ. P. 45(c)(3)(B). Therefore, TASER's motion turns on whether it has shown a substantial need for the subpoenaed material that it cannot otherwise

///

///

3

obtain without undue hardship.[2]

TASER asserts that without the depositions or underlying research documents, it cannot refute or even address the Study's unfavorable conclusions. TASER wishes to use this information to assess whether the plaintiffs' experts have properly relied on the Study. It refers to two cases in support of its position.[3] See Wright v. Jeep Corp., 547 F. Supp. 871 (E.D. Mich. 1982); In re Am. Tobacco Co., 880 F.2d 1520 (2d Cir. 1989). Although on point, the decisions of these cases came before the 1991 amendment to the Federal Rules that added the exception to subpoenas at issue here. Indeed, since 1991 there has been little published authority recognizing a substantial need for the discovery of unretained experts' work product. This court was only able to locate one case recognizing a substantial need since 1991—and that case involved a witness whose expertise was so unique that no other experts in the field were available. Walker v. Blitz USA, Inc., No. 5:08MC15, 2008 WL 5210660 at *5 (N.D. W. Va. Dec. 12, 2008).

Plaintiffs oppose the notion that TASER has shown any substantial need for the requested discovery. They note that the Study is only one of thirty-two references on which plaintiffs' experts rely. They also think that TASER could replicate the Study itself without undue hardship. Finally, plaintiffs argue that compelled compliance with the subpoena would dissuade researchers and scientists to pursue scholarly work out of fear they will not have an opportunity to bargain for their expertise, and instead will be forced to supply it through court orders and subpoenas. Plaintiffs feel the proper way to address any concerns about the Study is to let the parties' experts discuss and debate the significance, validity, and relevance of the Study.

---

[2] The unretained expert exception to subpoena power is typically asserted via a motion to quash. However, while weighing TASER's need for the requested discovery, this court recognizes the policy of this rule and applies it to the present motion to compel. See nSight, Inc. v. Peoplesoft, Inc., No. 3:04 CV 3836 MMC (MEJ), 2006 WL 988807 at *2 (N.D. Cal. April 13, 2006) (applying the analysis of Rule 45(c)(3)(B)(ii) in a motion to compel to determine whether or not a unretained expert needed to comply with a subpoena).

[3] In its reply, TASER also relies on an 11th Circuit case. However, its reliance on this case is misplaced because the case does not address a non-party's compliance with the subpoena. See Klay v. Humana, Inc., 425 F.3d 977 (11th Cir. 2005) (addressing whether the agency was reasonably compensated for its compelled disclosures).

4

Although TASER says that the Study is the central study to plaintiffs' case, it has not shown the court how this equates to a substantial need for deposing the authors and requiring third-party production of documents relating to the Study. It is unsurprising that plaintiffs rely on the study—it supports their position. The court also understands that TASER does not like the Study's conclusions. Nevertheless, surely TASER has its own experts who can attest to the physiological effects of the use of TASER's weapon. TASER may therefore use its experts and data from plaintiffs' thirty-one other sources (and sources that TASER cites to itself) to refute any negative research, even without the information it seeks in this motion. Additionally, the Study itself outlines in detail the research methodology and manner in which the authors reached their conclusions. If the Study's methodology is lacking, as TASER alleges,[4] it will only help TASER discredit the Study's unfavorable conclusions. The reliance of the opposing party on a study does not entitle the moving party to a fishing expedition in order to attack a report that it dislikes.

TASER has failed to demonstrate a substantial need at this time to depose the Study's authors or gain access to the Study's underlying research documents that overcomes the safeguard of Fed. R. Civ. P. 45(c)(3)(B)(ii). Therefore, there is also no need to extend the discovery period. Accordingly, TASER's motion is DENIED.

**IT IS SO ORDERED.**

Dated: July 29, 2009

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[4] In its reply to plaintiffs' opposition, filed one week late, TASER also requests the discovery in order to resolve alleged discrepancies and fill in gaps between UCSF's FOIA production and the Study itself. Even though the court has chosen to take TASER's argument into consideration, it urges and warns TASER to be more cognizant of all court deadlines in the future. That said, if UCSF improperly withheld any information under the FOIA requests, the proper recourse is for TASER to file a FOIA complaint against UCSF. 5 U.S.C § 552(a)(4)(B) (2007).

5

**C 05-03577 Notice will be electronically mailed to:**

| | |
|---|---|
| Christina Y. Tsou | ctsou@hurleylaw.com, gforese@hurleylaw.com |
| Christpher Mark Patti | christopher.patti@ucop.edu |
| Darrell M. Padgette | darrell.padgette@mendes.com, lidia.gamez@mendes.com |
| Deborah Ann Mall | mall@ci.monterey.ca.us, moshiri@ci.monterey.ca.us |
| James Glenn Bohm | jbohm@bmkalaw.com |
| Jeffrey R. Salberg | jsalberg@bmkalaw.com |
| John Christopher Burton | jb@johnburtonlaw.com, rt@johnburtonlaw.com |
| John R. Maley | jmaley@btlaw.com |
| Kathleen M. Anderson | kanderson@btlaw.com |
| Lee A. Wood | lwood@bmkalaw.com |
| M. Christine Davi | davi@ci.monterey.ca.us |
| Mildred Katherine O'Linn | mko@mmker.com, fsp@mmker.com |
| Peter M. Williamson | pmw@williamson-krauss.com, tbk@williamson-krauss.com |
| Peter Thomas Kirchen | pkirchen@kernwooley.com |
| Susan K. Blitch | sblitch@hurleylaw.com |
| Thomas E. Francis | tfrancis@bmkalaw.com, ksmith@leeawoodlaw.com, rnassar@leeawoodlaw.com |
| Thomas Vincent Perea | tperea@bmkalaw.com |
| Traci A. Kirkbride | kirkbrideta@co.monterey.ca.us, merillanac@co.monterey.ca.us |
| Vincent P. Hurley | vphurley@hurleylaw.com, gforese@hurleylaw.com |

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.