**E-Filed 2/16/10**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| EVELYN ROSA and ROBERT ROSA, individually and as the personal representatives of MICHAEL ROBERT ROSA, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SEASIDE et al.,<br><br>Defendants. | Case Number C 05-03577 JF<br><br>**ORDER[1] DENYING PLAINTIFFS' MOTION TO PRECLUDE DEFENDANT'S RECOVERY OF COSTS** |

## I. INTRODUCTION

On November 20, 2009, the Court granted summary judgment on Plaintiffs' claims against Defendant TASER International, Inc. ("TASER" or "Defendant"). The judgment presently is on appeal.

On December 3, 2009, TASER filed a bill of costs in the amount of $34,737.84.[2]

---

[1] This disposition is not designated for publication in the official reports.

[2] The claimed costs consist of expenses incurred by TASER for: (1) service of process fees, $789.00; (2) deposition costs, $23,537.16; (3) photocopying costs in discovery and

Plaintiffs did not file objections to any of the individual costs claimed by TASER, but they seek an order precluding TASER from recovering the costs or in the alternative an order staying the imposition of costs pending the resolution of their appeal. The Court heard oral argument from the parties on February 12, 2010. For the reasons discussed below, the motion to preclude recovery of costs will be denied, but imposition of costs will be stayed pending appeal subject to Plaintiffs' furnishing adequate security.

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 54(d)(1) ("Rule 54(d)(1)") provides that, "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." This rule creates a "presumption for awarding costs to prevailing parties" and thus requires the losing party to show why costs should not be awarded. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003). The Court must give specific reasons if it refuses to tax costs to the losing party. *See id.* at 945. However, the Court "need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Id.*

The Court may consider a variety of factors in deciding whether to award costs, including whether the losing party has limited financial resources, *see Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 592 (9th Cir. 2000); *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (stating that indigency is a factor district courts may properly consider when deciding whether to award costs), whether an award of costs would "chill" future civil rights litigation, *see Save Our Valley*, 335 F.3d at 946 (holding that imposition of the "relatively small sum" of $5,310.55 would not result in injustice where a community group lost its race-based civil rights claim against a government agency), and whether the prevailing party has engaged in misconduct such that costs should not be awarded, *see Ass'n of Mexican-American Educators*, 231 F.3d at 592. However, "[n]oble intentions alone do not relieve an unsuccessful

---

discovery production, $6,346.37; (4) reproduction and exemplification costs, $4,065.31.

2

litigant of the obligation under Rule 54(d) to compensate his opponent for reasonable costs." *Nat'l Info. Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1472 (9th Cir. 1995) (holding that the district court abused its discretion when it "refused to award costs on the ground that Plaintiffs brought their case in good faith and with meritorious intentions when in fact they brought a case so devoid of merit that they were twice rejected by the district court on summary judgment").

The trial court has "wide discretion" in awarding costs pursuant to Rule 54(d). *K-S-H Plastics, Inc. v. Carolite, Inc.*, 408 F.2d 54, 60 (9th Cir. 1969). Its decision will not be overturned on appeal unless the court has abused its discretion. *See Trans Container Servs. (Basel) A.G. v. Sec. Forwarders, Inc.*, 752 F.2d 483, 488 (9th Cir. 1985).

### III. DISCUSSION

#### A. Merits of Plaintiffs' Motion

There is no dispute that TASER is the prevailing party. However, Plaintiffs argue that all four factors cited by the district court in *Association of Mexican-American Educators* weigh in favor of precluding TASER from recovering its costs in this instance.

First, they contend that the case involved issues of substantial importance, namely "the safety of a highly controversial product that has been associated, to date, with the deaths of over 400 people in the United States since 2001" according to Amnesty International. (Pls.' Mot. 4:17-19 and n.3.) Defendants counter that Plaintiffs' case, at least against TASER, involved product liability, not civil rights. TASER points out that in *Association of Mexican-American Educators* the issues of substantial importance included "educational quality, interracial disparities in economic opportunity, and access to positions of social influence," and the "action affect[ed] tens of thousands of Californians and the state's public school system as a whole." 231 F.3d at 592 (internal quotations omitted). TASER also argues that the deaths alleged to be "associated with" TASER use by law enforcement actually are "'associated' with apprehension by law enforcement, criminal conduct, and illegal drug use" and are "mis-described by the media as [] TASER-associated death[s]." (Def.'s Opp. 4:4-7.)

TASER also contends that, despite Plaintiffs' argument that "there is a civil rights-like

3

Case No. C 05-03577 JF
ORDER DENYING PLAINTIFFS' MOTION TO PRECLUDE DEFENDANT'S RECOVERY OF COSTS
(JFLC3)

dimension to this litigation" because police departments are the principal users of TASER ECDs, there is no risk that holding Plaintiffs to their Rule 54 obligation would have a "chilling effect" on future litigation. Specifically, TASER suggests, "Plaintiffs' Counsel John C. Burton and Peter M. Williamson will not likely be deterred by any costs award. They actively promote themselves as experts on TASER matters and actively seek cases against TASER attorneys." (*Id.* at 7:2-4.)

Second, Plaintiffs point to the significant economic disparity between themselves and TASER. They assert that "[f]or all intents and purposes, [Plaintiffs] Evelyn, Robert, and Holly Rosa would have no way to pay TASER's cost bill." (Pls.' Mot. 6:23-24.) They claim that all three individual Plaintiffs are of modest means. Though they own their home, Robert and Evelyn Rosa are retired and lived on a fixed income. Similarly, Holly Rosa is twenty-one years old and, while employed, is the only source of support for her young son and has no assets apart from the vehicle she uses to drive to work. In contrast, Plaintiffs claim that TASER "has considerable assets–a reported net worth of $113.5 million dollars [sic] according its March, 2009 quarterly Earnings Report." (*Id.* at 4:24-5:1 (footnote omitted).)

TASER disputes Plaintiffs' claims of indigency. It points out that Plaintiffs fail to mention their settlement with other Defendants in this case, in which they received $225,000 in January 2009. It cites several cases in which courts have considered settlement income in assessing a plaintiff's claim of indigency. TASER also contends that Plaintiffs Evelyn and Robert Rosa receive income from rental properties and that Plaintiffs "downplay" the assets they have and regular income they receive. According to TASER, Plaintiffs' claim that they are unable to pay TASER's costs without losing their home is supported by "nothing but speculation." (Def.'s Opp. 5:2.) Finally, TASER argues that even if the Court finds that Plaintiffs do have limited resources, that fact alone does not require denial of TASER's recovery of costs, as other courts have found that "[t]o allow plaintiffs to file cases without the risk of bearing the costs of an unsuccessful action would create an inequity in favor of filing plaintiffs and an inefficiency in the courts." *Duvigneaud v. Garcia*, 2007 U.S. Dist. LEXIS 49008, at *3-4 (S.D. Cal. July 5, 2007). In this regard, TASER claims that it "has spent in excess of $20 million in attorneys' fees, expert fees, and litigation expenses defending product liability claims that have

4

ultimately either been dismissed voluntarily by plaintiffs or dismissed by courts" and argues that, under Plaintiffs' economic disparity reasoning, "costs would never be recoverable by a company against individual plaintiffs." (Def.'s Opp. 6:17-20, 23-24.)

Third, in arguing that the issues were "close and difficult," Plaintiffs contend, without elaboration, that "[a]ny objective review of the instant case would show that the medical and scientific issues involved were extremely complex." (Pls.' Mot. 5:2-3.) In response, TASER points to the Court's finding in its order granting summary judgment that "[t]here is no legal authority for imposing a duty to warn based on evidence this sparse."

Finally, with respect to the fourth factor in *Association of Mexican-American Educators*– whether Plaintiffs' case, though unsuccessful, had merit–Plaintiffs argue that their case was "justified" by pointing to a different case in which a jury "applying nearly identical facts" found TASER liable on a failure to warn theory. In response, TASER reminds the Court that good faith alone is not sufficient to relieve an unsuccessful plaintiff from his Rule 54(d) obligation.

While it is sympathetic to Plaintiffs' circumstances and the loss of their loved one, and it acknowledges that paying even a portion of the costs of the instant litigation may cause some hardship to Plaintiffs, the Court concludes that Plaintiffs have not overcome the presumption under Rule 54(d)(1). Imposition of costs in this case does not represent one of the "rare occasion[s] where severe injustice will result from an award of costs." *Save Our Valley*, 335 F.3d at 945. A sum of almost $35,000 is not an exorbitant amount of costs to tax to the losing party in a case that was litigated to the eve of trial and for more than four years, especially when Plaintiffs have presented no specific evidence of misconduct on the part of TASER that would justify precluding its recovery of its costs. The sum at issue is unlikely to "chill" future meritorious product liability actions, let alone actual civil rights litigation. Moreover, it would be inequitable to allow Plaintiffs to insulate themselves entirely from payment of Defendant's costs based solely on their economic condition, particularly in light of the settlement Plaintiffs received from TASER's co-Defendants.

B.   **Plaintiffs' Request for a Stay Pending Resolution of Appeal**

As noted previously, Plaintiffs request alternatively that the imposition of costs be stayed

5

pending the resolution of their appeal. The Court finds this to be the most prudent course given the relative financial circumstances of the parties and the fact that if Plaintiffs are successful on appeal they would not be liable for any costs.

At oral argument, following the Court's indication that it was inclined to grant a stay, TASER requested that the Court require Plaintiffs to post a bond. The Court has discretion to grant this request, to grant an unsecured stay, or to require the Plaintiffs to provide some alternative form of security for their cost liability. *See, e.g.*, *Int'l Telemeter Corp. v. Hamlin Intern. Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985) ("though Federal Rule of Civil Procedure 62 provides that a supersedeas bond may be used to stay execution of a judgment pending appeal, the court has discretion to allow other forms of judgment guarantee").

Given the parties' concerns and their representations to the Court throughout this litigation, the Court will grant the stay on the condition that Plaintiffs provide either a bond in the amount at issue or another acceptable form of security. Within seven (7) days of the date of this order, counsel for Plaintiffs shall advise the Court and TASER by letter as to how Plaintiffs intend to proceed. TASER may file a responsive letter within three (3) days after. Thereafter, the Court will issue its final order as to the adequacy of the security.

## IV. ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that Plaintiffs' motion to preclude TASER from recovering its bill of costs is DENIED. Imposition of costs will be stayed pending Plaintiffs' appeal of the judgment, subject to the conditions set forth herein.

**IT IS SO ORDERED.**

DATED: 2/16/09

_____
JEREMY FOGEL
United States District Judge

Case No. C 05-03577 JF
ORDER DENYING PLAINTIFFS' MOTION TO PRECLUDE DEFENDANT'S RECOVERY OF COSTS
(JFLC3)